279 So.2d 46 (1973)
Laraine Rose DOANE, Appellant,
v.
Joseph A. DOANE, Appellee.
No. 72-435.
District Court of Appeal of Florida, Fourth District.
June 8, 1973.
Richard H. Brown of Brown, Lederer & Goller, Ft. Lauderdale, for appellant.
No appearance for appellee.
OWEN, Judge.
In this dissolution of marriage action, appellant-wife has assigned as error *47 the inadequacy of the amount awarded as child support and the denial of her motion to vacate a default judgment that had been entered against her. We find no abuse of discretion in the court's denial of appellant's motion to vacate the default judgment, but our review of the record indicates that this cause should be remanded for further consideration by the trial court on the issues of child custody and support.
Appellee-husband filed petition for dissolution of marriage on February 15, 1972, alleging that the parties were married on October 19, 1970, and that one child Cheryl, was born on October 22, 1970. The husband subsequently obtained a default judgment which the wife sought to vacate upon proper motion. The court denied the motion and proceeded to a final hearing on the matter. Judgment was entered dissolving the marriage, approving an ante-nuptial agreement between the parties, and requiring appellee-husband to pay child support to appellant-wife on a weekly basis.
Although Cheryl was born only three days after the marriage, the husband did not deny his paternity of the child either by pleading or proof. Cheryl, therefore, is presumed to be his child and he is liable for her support. Minick v. Minick, 1933, 111 Fla. 469, 149 So. 483; Walborsky v. Walborsky, Fla.App. 1967, 197 So.2d 853.
No evidence was introduced on the issue of custody of the minor child, and the sole evidence concerning the issue of child support was the following testimony by the husband on direct examination:
"Q. Now, during the pendency of this marriage was any child or children born?
"A. Yes. Three days after we were married.
"Q. What is that child's name?
"A. Cheryl Doane.
"Q. What are you willing to pay for child support per week?
"A. I believe under the circumstances $10.00 a week would be a fair amount."
Because of the default judgment, the court refused to consider any evidence or testimony from appellant-wife and would not permit her counsel to cross-examine appellee-husband. By its final judgment the court ordered appellee-husband to pay child support to the wife in the amount of $10.00 per week, although the judgment failed to make an express award of custody of the child.
Broad discretion is vested in the trial court in determining matters of custody and support. Frazier v. Frazier, 1933, 109 Fla. 164, 147 So. 464; Rogoff v. Rogoff, Fla.App. 1959, 115 So.2d 456; Burnett v. Burnett, Fla.App. 1967, 197 So.2d 854; Gunter v. Gunter, Fla.App. 1969, 219 So.2d 743; King v. King, Fla.App. 1973, 271 So.2d 159. However, in order to provide a basis upon which the court can exercise such discretion, there must be some evidence concerning the parents' respective financial positions, the needs of the child, and most importantly the child's welfare and best interests. It is manifest from the record that the trial court did not have before it adequate evidence relating to these matters.
Bearing in mind that a determination of the child's best interests is of special concern in cases of this type, it would seem that the testimony of the child's natural mother would be of aid to the court, irrespective of the default judgment against her. The court should consider, upon remand, such further evidence relating to child custody and support as is necessary to determine the child's best interests. The final judgment is affirmed except to the extent that it requires the appellee to pay appellant $10.00 per week for child support. The cause is remanded for further proceedings and entry of an amendment to the final judgment providing for custody *48 and support of said minor child as it appears to the court to be in the child's best interest.
Affirmed in part; reversed in part and remanded.
REED, C.J., and CROSS, J., concur.