414 So.2d 562 (1982)
Stephen M. DUCKWORTH, Appellant,
v.
Ingrid O. DUCKWORTH, Appellee.
No. 81-2018.
District Court of Appeal of Florida, Third District.
April 27, 1982.
Rehearing Denied June 14, 1982.
*563 A.J. Barranco, Jr. and Steven Kellough, Miami, for appellant.
Levey & Cowan and Judy D. Shapiro, Miami, for appellee.
Before NESBITT, DANIEL S. PEARSON and JORGENSON, JJ.
NESBITT, Judge.
Acting on the advice of her New York attorney, Ingrid Duckworth ignored both Florida summons and a petition for dissolution of marriage served upon her at her place of employment in New York City. The attorney, who is also a member of the Florida Bar, apparently believed that the service of process was void because Ingrid had instituted her own dissolution action in the New York courts. The clerk entered a default in the Florida action. Ingrid had no notice of a subsequent hearing at which her husband, Stephen Duckworth, presented evidence concerning dissolution and custody of the couple's two minor children. The trial court entered a default final judgment of dissolution awarding permanent custody of both children to Stephen.
After consulting other attorneys, Ingrid filed a sworn motion to set aside the dissolution, incorporating in the motion various meritorious defenses. The trial court granted this motion insofar as it pertained to child custody. The lone issue for our determination is whether the trial court erred in doing so.
It is apodictic that the granting of relief from default judgment lies within the sound discretion of the trial judge. Diners Club, Inc. v. Brachvogel, 395 So.2d 1156 (Fla. 1981); Perrin v. Enos, 56 So.2d 920 (Fla. 1952); Bay Products Corporation v. Winters, 341 So.2d 240 (Fla. 3rd DCA 1976). Default judgments are not favored and the trial court's discretion should be liberally *564 exercised and all reasonable doubt resolved in accordance with granting applications for relief so as to permit a determination of the controversy upon the merits. Kiaer v. Friendship, Inc., 376 So.2d 919 (Fla. 3rd DCA 1979); McAlice v. Kirsch, 368 So.2d 401 (Fla. 3rd DCA 1979). The principle of liberality places a heavier burden on the party seeking to reverse an order granting a motion to vacate default, than on a party seeking to reverse an order denying the motion. B.C. Builders Supply Co., Inc. v. Maldonado, 405 So.2d 1345 (Fla. 3rd DCA 1981); Ellis v. Ellis, 404 So.2d 774 (Fla. 2nd DCA 1981).
However, appellant correctly contends that an attorney's mistaken view of the law does not amount to the excusable neglect requisite to vacating a default under Rule 1.540(b), Florida Rules of Civil Procedure. Gross v. Simanonok, 366 So.2d 47 (Fla. 2nd DCA), cert. denied, 376 So.2d 75 (Fla. 1979); Kuykendall v. Kuykendall, 301 So.2d 466 (Fla. 1st DCA 1974). As a general rule, many jurisdictions impute such negligence to the client, thereby preventing the vacation of a default upon retention of different counsel.[1]
Nonetheless, we are averse to visiting the sins of the attorney upon the client here, when to do so would severely affect the rights of innocent third parties; to wit: the minor children. Decisions awarding custody must be made in the best interests of the children involved; thus, the distinction between the instant cause and the cases cited by appellant in his brief. As was stated in Doane v. Doane, 279 So.2d 46 (Fla. 4th DCA 1973), "Bearing in mind that a determination of the child's best interests is of special concern in cases of this type, it would seem that the testimony of the child's natural mother would be of aid to the court, irrespective of the default judgment entered against her." 279 So.2d at 47. [emphasis supplied]
The Doane case is distinguishable though, and no Florida court has addressed a record analogous to the one confronting us. But in similar cases from a jurisdiction which normally imputes attorney negligence to the client, courts have refused to allow child custody to be determined by default in the face of motions to vacate filed by a natural parent. Hinson v. Hinson, 518 S.W.2d 330 (Mo. App. 1975); Cole v. Cole, 462 S.W.2d 172 (Mo. App. 1970). We are in accord with the reasoning in these opinions.
The appellant has failed to meet his heavy burden of demonstrating that the trial court abused its discretion in vacating the portion of the default judgment awarding permanent child custody to Stephen Duckworth.
Affirmed.
NOTES
[1] E.g., Cockerham v. Zikratch, 127 Ariz. 230, 619 P.2d 739 (1980); Orange Empire National Bank v. Kirk, 66 Cal. Rptr. 240, 259 Cal. App.2d 347 (1968); Eastman Kodak Co. v. Guasti, 68 Ill. App.3d 484, 25 Ill.Dec. 20, 386 N.E.2d 291 (1979); Rose v. Rose, Ind. App., 390 N.E.2d 1056 (1979); Milinsky v. Schmidt, Ellis & Associates, Inc., 48 Mich. App. 192, 210 N.W.2d 367 (1973); Scarlett v. Bonagurio, 600 S.W.2d 673 (Mo. App. 1980); Tahoe Village Realty v. De-Smet, 95 Nev. 131, 590 P.2d 1158 (1979); Howard v. Williams, 40 N.C. App. 575, 253 S.E.2d 571 (1979); Southern Bond Company v. Teel, 550 P.2d 571 (Okl. 1976); King v. Brown, 103 R.I. 154, 235 A.2d 874 (1980); Charolais Breeding Ranches, Ltd. v. Wiegel, 92 Wis.2d 498, 285 N.W.2d 720 (1979).