436 So.2d 1104 (1983)
Diana Lynn SEIBERT, Appellant,
v.
Robert Paul SEIBERT, Appellee.
No. 82-2555.
District Court of Appeal of Florida, Fourth District.
September 7, 1983.
*1105 Charlotte H. Danciu, Boca Raton, for appellant.
Albert T. Sims of Sims & Henry, West Palm Beach, for appellee.
PER CURIAM.
This is an interlocutory appeal from the denial of a 1.540(b) motion to set aside a default judgment previously entered against the wife/child custodian in a contested custody matter. Custody was transferred to the husband after the default and the matter remains pending before the trial court on further petitions to modify child custody. This case started in 1980 as a contested child custody battle and despite extensive resort to the courts the controversies over the children continue unabated.
The wife maintains on appeal that the default order of the trial court granting her husband custody of the minor children should be vacated because of her mistake, inadvertence and excusable neglect in failing to respond to the husband's petition to modify final judgment. Upon review of the matter, we find that the trial court was correct in determining that the evidence failed to establish any reason justifying relief from the default judgment. Therefore, the decision of the trial court is affirmed. We caution that the issue of child custody is still subject to determination based upon the paramount consideration of the best interest of the children. A petition remains pending on the issue of custody and the appellant's prior noncompliance with court orders and other defaults are but circumstances to be considered on the court's further determinations as to custody. In short, child custody between contesting parents is always subject to reevaluation based upon the interests of the children. Such issues are not to be foreclosed on technical pleading defaults. Here the former husband was entitled to the default but the court must proceed to consider the further petition on custody without foreclosing consideration of all relevant factors bearing on the best interest of the children.
Affirmed and Remanded.
ANSTEAD, C.J., and BERANEK and HURLEY, JJ., concur.