519 So.2d 637 (1987)
Craig Allen CHASE, Appellant,
v.
Esther Marie CHASE, Appellee.
No. 87-754.
District Court of Appeal of Florida, Second District.
November 13, 1987.
Rehearing Denied February 1, 1988.
*638 Robert L. McDonald, Jr., of Cramer, Haber & McDonald, P.A., Tampa, for appellant.
Catherine W. Real of Muga & Real, P.A., Tampa, for appellee.
PER CURIAM.
Appellant, the former husband, challenges a nonfinal order which struck his pleadings in appellee's, the former wife's, dissolution action, and further determined that appellee's need for and appellant's ability to pay alimony, child support, and attorney's fees were "taken to be established." We hold that this nonfinal order is one which determines child custody and the issue of liability in favor of a party seeking affirmative relief, Fla.R.App.P. 9.130(a)(3)(C)(iii) and (iv), and is thus, appealable. For the reasons stated below, we affirm in part, and reverse in part.
The trial court's order was clearly entered as a sanction for appellant's willful refusal to obey prior court orders which compelled discovery. Florida Rule of Civil Procedure 1.380(b)(2)(C) provides that if a party fails to obey an order to provide or permit discovery, then the trial court may issue, inter alia, an order striking out pleadings, dismissing the action or rendering a default judgment against the disobedient party. Florida Rule of Civil Procedure 1.420(b) also provides for the involuntary dismissal of an action or claim of an adverse party for failure to obey "any order of court." That part of the trial court's order which dismissed appellant's counterclaim was proper under these rules, and appellant has not demonstrated that the trial court abused its discretion in so ordering.
We do, however, conclude that the trial court erred in ruling that appellee's need for and appellant's ability to pay alimony, attorney's fees, and child support were taken to be established. In awarding child support to appellee, the trial court impliedly determined that she should have custody of the parties' minor child, which we also conclude was error.
Although it appears that the trial court is empowered to make such determinations under rules 1.380(b)(2)(C) and 1.420(b), we conclude that such a severe sanction, see Mercer v. Raine, 443 So.2d 944 (Fla. 1983), is inappropriate in this dissolution action, especially since such sensitive matters as child custody and support are being determined. Accordingly, we reverse that part of the trial court's order which established appellee's need for and appellant's ability to pay alimony, child support, and attorney's fees, and that part which impliedly determined that appellee should have custody of the parties' minor child. We remand the cause for further proceedings in which appellee shall present evidence to establish her need for and appellant's ability to pay these items, and for a determination, after an evidentiary hearing, on the issue of child custody. See generally Canakaris v. Canakaris, 382 So.2d 1197 (Fla. 1980) (alimony); Rhines v. Rhines, 483 So.2d 4 (Fla. 2d DCA 1985), rev. denied, 488 So.2d 68 (Fla. 1986) (child custody); Peak v. Peak, 411 So.2d 325 (Fla. 5th DCA 1982) (child support); Lau v. Lau, 407 So.2d 927 (Fla. 3d DCA 1981) (attorney's fees).
Affirmed in part, reversed in part, and remanded for further proceedings consistent with this opinion.
*639 CAMPBELL, A.C.J., SCHOONOVER, J., and PACK, R. WALLACE, Associate Judge, concur.