624 So.2d 391 (1993)
Rhonda L. ANDREWS, Appellant,
v.
David B. ANDREWS, Jr., Appellee.
No. 92-02602.
District Court of Appeal of Florida, Second District.
September 22, 1993.
Thomas H. McGowan and Alison M. Steele of Rahdert & Anderson, St. Petersburg, for appellant.
Jack B. Pugh, Tampa, for appellee.
*392 ALTENBERND, Judge.
Rhonda L. Andrews appeals a postdissolution order transferring primary residential custody of the couple's two children to the father, David B. Andrews. Although we leave custody of these children with the father pending further proceedings on remand, we reverse and remand because the trial court abused its discretion by refusing to set aside a default and by prohibiting Ms. Andrews from presenting any evidence at the final hearing. Ms. Andrews' failure to comply with some prior orders of the court might have warranted a default against her in a standard civil action, but it did not justify a de facto default against the minor children concerning the issue of their best interests.
A final judgment dissolving the marriage between the parties was entered on April 12, 1989. That judgment incorporated the terms of a marital settlement agreement which placed primary residential custody of the children with the mother. The parties experienced chronic problems concerning the father's visitation rights. In September 1991, the father moved for a permanent change in child custody.
During this renewed dispute over custody of the children, the mother has occasionally been represented by one attorney or another and has also attempted to represent herself. There is no question that she has failed to fully comply with court orders and that her actions have extended these proceedings and made them more complex. We recognize that her conduct would challenge the patience of the most understanding judge. We also recognize that the trial court is empowered to enter appropriate sanctions under Florida Rule of Civil Procedure 1.200(c).
In this case, the trial court sanctioned Ms. Andrews by striking her pleadings and dismissing all of her pending motions. She was prohibited from presenting any witnesses at the hearing to determine whether the custody of the children should be transferred to Mr. Andrews. At the hearing, Ms. Andrews was represented by a new attorney. The trial court declined to set aside the default. The attorney was allowed to cross-examine Mr. Andrews' witnesses. When Mr. Andrews' attorney called Ms. Andrews as a witness, her attorney was not allowed to cross-examine Ms. Andrews beyond the narrow scope of direct examination.
Decisions affecting child custody require a careful consideration of the best interests of the child. § 61.13, Fla. Stat. (1991). This court has previously discouraged trial courts from using default as a sanction when dealing with the sensitive issue of child custody. Chase v. Chase, 519 So.2d 637 (Fla. 2d DCA 1988). In such cases, the testimony of a child's natural mother will almost always aid the court in fairly determining the child's best interests. See Doane v. Doane, 279 So.2d 46 (Fla. 4th DCA 1973). Although Ms. Andrews is an ineffective and uncooperative litigant, she may still be the better parent for custody of the couple's two young children. Especially in the context of a modification of child custody, it would seem critical for the trial court to hear the full testimony of the parent who was initially granted custody. See Collins v. Newton, 362 So.2d 174 (Fla. 2d DCA 1978) (modification of custody requires greater showing than would be needed at original trial).
This opinion does not foreclose the trial court on remand from imposing sanctions that will punish the parent without jeopardizing the best interests of the children. The trial court may also consider whether the services of a guardian ad litem would be useful in this case.
Reversed and remanded.
CAMPBELL, A.C.J., and THREADGILL, J., concur.