PATTERSON, Acting Chief Judge.
In this dissolution of marriage action, the trial court, on its own motion, struck the husband’s pleadings. We reverse.
The case began when the husband filed his pro se petition for dissolution, which stated that the parties had agreed on shared parental responsibility for their daughter, who would reside with the wife. Attached to the petition was a form settlement agreement that both parties had signed. The wife filed a pro se answer. The husband then, through counsel, filed an amended petition which sought sole parental responsibility of the child and to vacate the settlement agreement. The wife, through counsel, filed an amended answer and counterclaim seeking shared parental responsibility. The court referred the case to family mediation.
The husband moved for trial, and the court set a pretrial conference. At the conclusion of that proceeding, the trial court entered a pretrial order and found that the husband: (1) had not fully complied with the mediation order; (2) was in arrears in child support for which he was in civil contempt; and (3) was the subject of an arrest warrant for failing to comply with an order to appear and show cause on the support issue. The court concluded the order by striking the husband’s pleadings and commenting that this now resolved the issues of custody, child support, alimony, and the husband’s attempt to set aside the settlement agreement. The wife had not requested the striking of the pleadings, and the order does not recite the court’s reasoning.
We are left to assume that the court struck the pleadings as a sanction for the husband’s conduct. For whatever reason, it was too severe a sanction for what appears in this record and constituted an abuse of discretion. See Neal v. Neal, 636 So.2d 810 (Fla. 1st DCA 1994) (abuse of discretion to strike wife’s pleadings when record did not support finding of willful violation of discovery order and husband could not demonstrate meaningful prejudice to justify extreme sanction); Chase v. Chase, 519 So.2d 637 (Fla. 2d DCA 1987) (severe sanction of striking husband’s pleadings for willful failure to comply with discovery orders in dissolution action was inappropriate, especially when sensitive matters such as child custody and support were at issue).
We therefore reverse and remand with instructions that the husband’s pleadings be reinstated.
WHATLEY, J., and PADGETT, J. ROGERS, Associate Judge, concur.