718 So.2d 302 (1998)
Susan M. BARNETT, Appellant,
v.
Larry Roger BARNETT, Appellee.
No. 97-04678.
District Court of Appeal of Florida, Second District.
September 11, 1998.
*303 Joseph S. Alexander, Clearwater, for Appellant.
Andrew J. Rodnite, Jr. of Park, Bugg, Rodnite, Ossian and Zdravko, P.A., Clearwater, for Appellee.
NORTHCUTT, Judge.
Susan Barnett complains of two orders entered after the final judgment dissolving her marriage to Larry Barnett. First, she challenges the order denying her motion to disqualify Judge Dee Anna Farnell. We affirm that order because Ms. Barnett's motion for disqualification was untimely under Florida Rule of Judicial Administration 2.160(e). Second, Ms. Barnett contends that Judge Farnell erred in setting aside a default entered against her former husband by another judge. We agree with her on this point, and reverse that order. We remand to the circuit court for further proceedings.
At the beginning of 1995, Ms. Barnett and the parties' three children were living in Florida. Mr. Barnett lived in Tennessee. Without going into the details, it suffices to say that the parties pursued competing dissolution of marriage proceedings in their respective states of residence. Each of them unsuccessfully sought dismissal of the other's petition on jurisdictional grounds. On December 7, 1995, while the Florida proceeding remained pending, the Tennessee court entered a final judgment dissolving the marriage and awarding Mr. Barnett custody of the children.
In January 1996, the court in Pinellas County entered an order refusing to give full faith and credit to the Tennessee judgment. Thereafter, on May 3, 1996, the Barnetts stipulated to permit Mr. Barnett's visitation with the children. Mr. Barnett expressly agreed that he would not remove the children from Florida. The Florida court entered an order approving that stipulation on May 13, 1996. But on August 6, 1996, Mr. Barnett picked up the children for a scheduled visitation, took them to Tennessee, and refused to return them to Florida.
On August 27, 1996, Pinellas County Circuit Judge Richard Luce held Mr. Barnett in contempt. On September 11, 1996, Judge Luce struck Mr. Barnett's pleadings and entered a default against him as a sanction. After a final hearing on November 4, 1996, the Florida court entered a final judgment of dissolution, which, among other things, awarded Ms. Barnett custody of the children. Mr. Barnett had notice of the final hearing, but did not attend; instead, his Tennessee lawyer sent a court reporter to the hearing. Mr. Barnett did not appeal the final judgment, or seek relief from the sanction of default.
After Mr. Barnett absconded with the children, the State of Florida filed a criminal interference with custody charge against him and sought his extradition from Tennessee. Mr. Barnett finally returned to Florida on July 14, 1997, a few days before a habeas corpus proceeding was scheduled to be heard in Tennessee. On that same day he filed a motion for relief from judgment and to vacate default in the Pinellas County dissolution action. On August 1, 1997, Judge Dee Anna Farnell held a hearing on the motion. Mr. Barnett's counsel announced he would argue only the motion to vacate the default. Judge Farnell granted the request to vacate the default on the basis of excusable neglect. She then heard testimony on the issue of temporary child custody and granted temporary custody to Mr. Barnett.
We reverse the order vacating the default. Our first reason for doing so is based on a procedural error. The default was an interlocutory order. Once the final judgment was entered, the interlocutory default merged into that judgment. Cf. Del Castillo v. Ralor Pharmacy, Inc., 512 So.2d 315, 320 (Fla. 3d DCA 1987) (holding that for purposes of appeal, nonfinal orders are deemed to have merged into the final judgment). Florida Rule of Civil Procedure 1.500(d) permits a court to set aside a default, *304 but in order for the interlocutory order to "spring back" into existence, the court must first set aside the final judgment. See Fla. R. Civ. P. 1.500(d); 1.540(b). While a court could set aside both the final judgment and the default in the same order, it cannot leave the final judgment intact while setting aside an interlocutory order on which the judgment was based. Cf. Del Castillo, 512 So.2d at 320 (party who fails to pursue an appeal of final judgment may not obtain review of preliminary order that was subsumed into it).
The circuit court set aside the default on the ground of excusable neglect. Lest Mr. Barnett attempt, on remand, to set aside the default judgment pursuant to rule 1.540, we hasten to add that excusable neglect does not provide a ground for doing so. When a default has been entered under rule 1.500 based on a party's failure to plead, a court may set aside a subsequently-entered default judgment if the defaulted party proves excusable neglect. See Fla. R. Civ. P. 1.540(b); Cabral v. Diversified Services, Inc., 560 So.2d 246 (Fla. 3d DCA 1990). Here, however, the default was not entered because Mr. Barnett failed to file the necessary pleadings; it was entered as a sanction for his violation of a court order. Cf. Fla. R. Civ. P. 1.420(b). That drastic sanction could be imposed only for "a deliberate and contumacious disregard of the court's authority[,] ... bad faith, willful disregard or gross indifference to an order of the court or conduct which evinces deliberate callousness." Mercer v. Raine, 443 So.2d 944, 946 (Fla.1983). Judge Luce entered two orders that specifically set forth facts supporting this severe sanction. In his order on emergency motion for contempt, Judge Luce stated that Mr. Barnett had, "in violation of the Court's previous order, willfully removed the parties' three minor children" from Florida and was in "willful contempt" of the court. The contempt order allowed Mr. Barnett to purge himself by, among other things, returning the children to Florida. He did not do so. The court's order striking pleadings specifically referred to the contempt order and Mr. Barnett's failure to purge the contempt, and again stated that Mr. Barnett had "expressly violated the order of this Court...."
Rule 1.540 was designed to operate under a limited set of circumstances; it was not intended to serve as a substitute for appellate review of judicial error. See A.W. Baylor Plastering, Inc. v. Mellon Stuart Co., 611 So.2d 108, 109 (Fla. 5th DCA 1992). Mr. Barnett never appealed the sanction either at the time it was entered, or at the time of the final judgment. To obtain reversal of the order on appeal, Mr. Barnett would have had to establish that Judge Luce abused his discretion. See Carazo v. Status Shipping, Ltd., 613 So.2d 1329, 1330 (Fla. 2d DCA 1992). He cannot now challenge the correctness of the court's ruling by way of a motion to set aside the judgment. See Sacco v. Slavin, 641 So.2d 955, 956-957 (Fla. 3d DCA 1994) (noting that gist of defendant's argument on motion for relief from judgment was that the court had abused its discretion; such an argument could have been raised on appeal; order denying relief from judgment affirmed). While Mr. Barnett could have attacked the willfulness of his conduct on appeal, see Momenah v. Ammache, 616 So.2d 121 (Fla. 2d DCA 1993), he did not. Judge Luce's determination is final; Mr. Barnett's conduct was willful, not neglectful. See Holm v. Demetree, 681 So.2d 868, 869 (Fla. 5th DCA 1996) (holding that correctness of judge's ruling is not an appropriate issue on motion for relief from judgment; when not appealed, judgment has passed into the "unassailable realm of finality.").
Although excusable neglect does not provide a basis for setting aside the entire final judgment of dissolution, the portion of the judgment addressing the children must be set aside. It has long been the rule in Florida that child custody should be decided based on the best interests of the children, not based on the default of one of the parents. See Longo v. Longo, 576 So.2d 402 (Fla. 2d DCA 1991); Seibert v. Seibert, 436 So.2d 1104 (Fla. 4th DCA 1983); Duckworth v. Duckworth, 414 So.2d 562 (Fla. 3d DCA 1982). Even though Mr. Barnett should not be rewarded for spiriting the children away from their mother, the children's best interests are paramount. Accordingly, we remand to the circuit court with directions to *305 set aside the final judgment only as it relates to child custody, visitation, and support, and to conduct further proceedings on those issues. See Sloan v. Sloan, 604 So.2d 862 (Fla. 2d DCA 1992) (stating that evidentiary proceedings are required on child custody issues even when one parent is in default). The temporary custody order will remain in effect until the court enters a permanent order on custody.
Reversed and remanded.
CAMPBELL, A.C.J., and BLUE, J., concur.