766 So.2d 316 (2000)
Stacy L. McEWEN, Appellant,
v.
Eugenio RODRIGUEZ, Appellee.
No. 4D99-1511.
District Court of Appeal of Florida, Fourth District.
March 1, 2000.
*317 John A. Kovarik, West Palm Beach, for appellant.
No brief filed for appellee.
PER CURIAM.
After the appellant mother failed to attend the hearing on a petition for modification filed by the appellee father, the court entered a judgment granting modification, which the mother appeals. We reverse.
In 1991 appellee was found to be the father of appellant's son and ordered to pay child support. In 1999 he filed a petition for modification asserting a change in circumstances and requesting that he be the primary residential custodian. The mother, who was notified that the petition would be heard on March 8, 1999, did not attend the hearing, and the court granted the petition for modification. The mother, who did not have counsel, then wrote a letter to the judge within ten days requesting a rehearing stating that she had "missed a court date due to unexcusable neglect." She further stated that the court needed to hear her testimony in order to determine the best interests of her son who had been in her custody since his birth. She did not, in her letter, explain more specifically why she had missed the hearing. The court entered an order denying rehearing without a hearing, and she appeals.
In Andrews v. Andrews, 624 So.2d 391, 392 (Fla. 2d DCA 1993), the mother had failed to comply with court orders, resulting in the striking of her pleadings. As a consequence, she was not permitted to present any witnesses at the hearing resulting in the change of custody. In reversing, the second district stated:
Decisions affecting child custody require a careful consideration of the bests interests of the child. § 61.13, Fla.Stat. (1991). This court has previously discouraged trial courts from using default as a sanction when dealing with the sensitive issue of child custody. Chase v. Chase, 519 So.2d 637 (Fla. 2d DCA 1987). In such cases, the testimony of a child's natural mother will almost always aid the court in fairly determining the child's best interests. See Doane v. Doane, 279 So.2d 46 (Fla. 4th DCA 1973). Although Ms. Andrews is an ineffective and uncooperative litigant, she may still be the better parent for custody of the couple's two young children. Especially in the context of a modification of child custody, it would seem critical for the trial court to hear the full testimony of the parent who was initially granted custody.
In Seibert v. Seibert, 436 So.2d 1104, 1105 (Fla. 4th DCA 1983), a default judgment was entered against a mother who failed to respond to the father's petition to change custody. She appealed the denial of her motion to vacate before the case went to trial and we affirmed; however, we made the following observations:
We caution that the issue of child custody is still subject to determination based upon the paramount consideration of the best interest of the children. A petition remains pending on the issue of custody and the appellant's prior noncompliance with court orders and other defaults are but circumstances to be considered on the court's further determinations as to custody. In short, child custody between contesting parents is always subject to reevaluation based upon the interests *318 of the children. Such issues are not to be foreclosed on technical pleading defaults. Here the former husband was entitled to the default but the court must proceed to consider the further petition on custody without foreclosing consideration of all relevant factors bearing on the best interest of the children.
See also Doane v. Doane, 279 So.2d 46, 47 (Fla. 4th DCA 1973)("Bearing in mind that a determination of the child's best interests is of special concern in cases of this type, it would seem that the testimony of the child's natural mother would be of aid to the court, irrespective of the default judgment entered against her.").
The unmistakable message we derive from the above cases is that because it is the child's best interests which are at stake, a change of custody should not be granted without hearing from a parent who has defaulted in some manner, if that parent wishes to put on evidence. We therefore conclude that the trial court erred in not granting a rehearing so as to allow the mother to submit evidence. Reversed.
WARNER, C.J., KLEIN, J. and OWEN, WILLIAM C., Jr., Senior Judge, concur.