766 So.2d 406 (2000)
Delcina AUTUSTIN, Appellant,
v.
DADE COUNTY SCHOOL BOARD, Appellee.
No. 3D00-1066.
District Court of Appeal of Florida, Third District.
August 16, 2000.
Marlie Cordon, Miami, for appellant.
Clyne & Self, P.A. and Donnise A. Desouza, for appellee.
Before GREEN and SORONDO, JJ., and NESBITT, Senior Judge.
PER CURIAM.
Based upon the scant record before us, which does not include a transcript of the proceeding below or an appropriate substitute, we cannot conclude that the lower court abused its discretion when it entered a final judgment of dismissal. For this *407 same reason, we also cannot find that the order denying appellant's motion to set aside final judgment, due to the appellant's failure to appear for the duly scheduled trial of this cause and/or failure to contact the court or opposing counsel requesting a continuance was an abuse of discretion. See Applegate v. Barnett Bank of Tallahassee, 377 So.2d 1150, 1152 (Fla.1979) (holding that "[i]n appellate proceedings the decision of the trial court has the presumption of correctness and the burden is on the appellant to demonstrate error."); Prymus v. Prymus, 753 So.2d 742 (Fla. 3d DCA 2000) (stating that without a transcript or proper substitute of the final hearing below "the presumption of correctness which attaches to this final judgment remains intact and we can find no abuse of discretion in this regard."). See also Ahle v. Lyons, 575 So.2d 1385 (Fla. 3d DCA 1991) (Ferguson, J. concurring) (refusal to grant continuance and subsequent dismissal of case not abuse of discretion where court did not receive a motion for continuance and counsel failed to appear for trial).