779 So.2d 586 (2001)
Gail ENGRAM f/k/a Gail Bryan, Appellant,
v.
Ashton M. BRYAN, Appellee.
No. 5D00-1023.
District Court of Appeal of Florida, Fifth District.
February 16, 2001.
Rehearing Denied March 16, 2001.
Carole Suzanne Bess of The Law Office of Thomas H. Yardley, Cocoa, for Appellant.
No Appearance for Appellee.
COBB, J.
Gail Engram appeals from an order denying her motion for rehearing of a final order modifying child custody. The modification order granted custody of the parties' four children to the father, Ashton Bryan, who resides in California. The order was entered upon Engram's default in failing to file a responsive pleading to the father's petition to domesticate foreign decree and address child issues as ordered in foreign decree and following her failure to attend a hearing on the motion for entry of final judgment.
While Bryan attended the hearing on his petition and testified, no court reporter was present. The order modifying child custody immediately awarded primary custody of the parties' four children to Bryan but contained no finding that the change in custody was in the best interests of the children. Engram moved for rehearing seeking to set aside the default and modification order claiming excusable neglect and a meritorious defense. An evidentiary hearing on the motion was conducted but again no court reporter was present. The court denied the motion ruling that Engram failed to establish excusable neglect.
If this were an ordinary civil action, we would simply affirm in light of Engram's failure to provide a transcript of the evidentiary hearing on the motion for rehearing. It is clear from the court's order denying said motion that the parties and court considered the motion as one to set aside the default. Absent a transcript of the evidentiary hearing, this court would normally be unable to determine whether the trial court erred in concluding that Engram failed to establish excusable neglect. See Applegate v. Barnett Bank of Tallahassee, 377 So.2d 1150 (Fla.1979); Autustin v. Dade County School Board, 766 So.2d 406 (Fla. 3d DCA 2000).
However, where issues of child custody are involved, appellate courts have strongly discouraged trial courts from using a default as the mechanism for effecting a change in custody. See, e.g., McEwen v. Rodriguez, 766 So.2d 316 (Fla. 4th DCA 2000). In McEwen, for instance, after the mother failed to attend a hearing on the father's modification petition, the court ordered *587 modification. The mother's motion for rehearing, which did not specifically explain why she missed the hearing, was denied. The Fourth District reversed, explaining:
In Andrews v. Andrews, 624 So.2d 391, 392 (Fla. 2d DCA 1993), the mother had failed to comply with court orders, resulting in the striking of her pleadings. As a consequence, she was not permitted to present any witnesses at the hearing resulting in the change of custody. In reversing, the second district stated:
Decisions affecting child custody require a careful consideration of the best interests of the child. § 61.13, Fla. Stat. (1991). This court has previously discouraged trial courts from using default as a sanction when dealing with the sensitive issue of child custody. Chase v. Chase, 519 So.2d 637 (Fla. 2d DCA 1987). In such cases, the testimony of a child's natural mother will almost always aid the court in fairly determining the child's best interests. See Doane v. Doane, 279 So.2d 46 (Fla. 4th DCA 1973). Although Ms. Andrews is an ineffective and uncooperative litigant, she may still be the better parent for custody of the couple's two young children. Especially in the context of a modification of child custody, it would seem critical for the trial court to hear the full testimony of the parent who was initially granted custody.
In Seibert v. Seibert, 436 So.2d 1104, 1105 (Fla. 4th DCA 1983), a default judgment was entered against a mother who failed to respond to the father's petition to change custody. She appealed the denial of her motion to vacate before the case went to trial and we affirmed; however, we made the following observations:
We caution that the issue of child custody is still subject to determination based upon the paramount consideration of the best interest of the children. A petition remains pending on the issue of custody and the appellant's prior noncompliance with court orders and other defaults are but circumstances to be considered on the court's further determinations as to custody. In short, child custody between contesting parents is always subject to reevaluation based upon the interests of the children. Such issues are not to be foreclosed on technical pleading defaults. Here the former husband was entitled to the default but the court must proceed to consider the further petition on custody without foreclosing consideration of all relevant factors bearing on the best interest of the children.

See also Doane v. Doane, 279 So.2d 46, 47 (Fla. 4th DCA 1973)("Bearing in mind that a determination of the child's best interests is of special concern in cases of this type, it would seem that the testimony of the child's natural mother would be of aid to the court, irrespective of the default judgment entered against her.").
The unmistakable message we derive from the above cases is that because it is the child's best interests which are at stake, a change of custody should not be granted without hearing from a parent who has defaulted in some manner, if that parent wishes to put on evidence. We therefore conclude that the trial court erred in not granting a rehearing so as to allow the mother to submit evidence.
766 So.2d at 317-318. Accord Manney v. Manney, 736 So.2d 811 (Fla. 4th DCA 1999); Barnett v. Barnett, 718 So.2d 302, 304 (Fla. 2d DCA 1998).
The question is whether the instant case contains any significant element which would take it out of the settled principles recounted above. The answer is no. While the court, at the final hearing, heard testimony from the father, the order effects the change in custody based upon the mother's default and her failure to *588 attend the hearing. The order contains no finding that the change in custody is in any way in the best interests of the children. Decisions awarding custody must be predicated upon the best interests of the children involved. McPherson v. East, 670 So.2d 1196 (Fla. 5th DCA 1996); Duckworth v. Duckworth, 414 So.2d 562 (Fla. 3d DCA 1982).
The default for failure to file a responsive pleading is affirmed. However, the order denying rehearing is reversed and the cause remanded to permit the mother to be heard on the issue of the best interests of the children.
AFFIRMED IN PART; REVERSED IN PART; AND REMANDED.
PALMER, J., concurs.
PETERSON, J., concurs specially, with opinion.
PETERSON, J., concurring specially.
I reluctantly concur with the result reached by the majority because of the prevailing "best interests of the children" standard that must be applied in issues of child custody. My reluctance stems from the fact that the father, a resident of California and a member of the armed forces, must spend more time and financial resources to again present his case in a Florida court.
The father must proceed through the hoops once again because:
1. The mother ignored initial process that was served prior to September 17, 1999.
2. She failed to attend the November 18, 1999 hearing.
3. She did not act in this matter until six days after the award of custody was made to the father and, I speculate, only when the children were removed from her home.
4. Her motion for rehearing was conducted in the absence of a court reporter, leaving this court without the ability to conduct appellate review.
5. She admitted receiving the initial summons only after denial of her motion to set aside her default.
Regardless of the outcome of custody, upon remand appropriate financial sanctions should be imposed upon this uncooperative litigant although collection may prove to be futile.