PALMER, J.
Dunfine Florida, Inc. and Bonin Florida, Inc. appeal the final order entered by the trial court denying their motion seeking relief from judgment. We affirm because the trial court properly determined that Dunfine and Bonin failed to demonstrate a sufficient basis upon which to justify the grant of such relief.
In July 1995, Dunfine and Bonin initiated the instant lawsuit by filing a nine count complaint against Golden Gate Development Corporation and John D. Infan-tino (collectively, “Golden Gate”). The complaint alleged several breach of contract claims as well as numerous related causes of action. Golden Gate counterclaimed, alleging several causes of action including claims of breach of contract, payment on several promissory notes, and fraud.
The proceedings progressed slowly over the course of several years until, in January of 1999, the attorneys for Dunfine and Bonin filed a motion to withdraw from the case. The trial court granted the motion and directed that further pleadings be served upon Dunfine and Bonin “c/o Mr. *1243 David Chin.” Although, as corporations, Dunfine and Bonin were legally required to be represented by counsel in the trial court proceedings,[1] the corporations failed to hire substitute counsel.
Nine months later, Golden Gate filed motions requesting that the trial court compel Dunfine and Bonin to appear for deposition. The motions explained that both Dunfine and Bonin had been properly noticed, but they had failed to appear, for deposition. The court granted the motions to compel. A month later, Golden Gate filed a motion requesting that the trial court issue an order to show cause why Dunfine and Bonin’s complaint should not be stricken, and a default entered against them on Golden Gate’s counterclaim, as a sanction for their repeated failure to appear for deposition. The trial court issued an order to show cause and subsequently conducted a hearing thereon. Finding that Dunfine and Bonin had failed to demonstrate good cause to excuse their failure to appear for deposition, the trial court entered an order striking their complaint, striking their answer to Golden Gate’s counterclaim, and entering a default against them on the counterclaim.
Golden Gate thereafter filed a motion seeking entry of a partial final summary judgment. Specifically, Golden Gate sought entry of judgment on its claim for payment on several promissory notes. Upon review, the trial court granted Golden Gate’s motion and entered a partial final summary judgment in favor of Golden Gate in the amount of the outstanding sum due on the notes.
Dunfine and Bonin immediately filed a motion pursuant to rule 1.540(b)(1) of the Florida Rules of Civil Procedure seeking relief from the partial summary judgment based upon claims of mistake and excusable neglect.[2] To support their motion, they filed an affidavit authored by a designated representative of both corporations. The affidavit stated that Mr. Chin had not advised the corporations of his receipt of any notices relating to the litigation and, as a result, they believe'd that no activity was occurring in the case. Upon consideration, the trial court denied the motion. Dunfine and Bonin appeal this ruling.
It should be noted initially that, while Dunfine and Bonin have set forth numerous claims of error relating to both the proceedings held and the rulings entered below, the only claim properly before this court for review is the claim relating to the propriety of the trial court’s order denying their motion for relief from judgment.[3]
Rule 1.540(b)(1) authorizes trial courts to grant relief from judgment upon a showing of mistake or excusable neglect. Dunfine and Bonin contend that the trial court erred in denying their claim for relief because they sustained their burden of proving both mistake and excusable neglect. The basis of their claim for relief was centered upon evidence indicating that the corporations were unaware of the fact that the litigation was proceeding since Mr. Chin had failed to forward any of the *1244 court notices to them. We conclude that the trial court properly determined that such evidence was insufficient to demonstrate either mistake or excusable neglect in light of the fact that, while under, the legal obligation to hire counsel to represent them in the proceedings below once their counsel had withdrawn, the corporations permitted this case to continue for a period of time which exceeded eighteen months before securing replacement counsel. As the court noted in John Crescent, Inc. v. Schwartz, 382 So.2d 383, 385 (Fla. 4th DCA 1980): *
The failure of a party to take the required steps necessary to protect its own interest cannot, standing alone, be grounds to vacate judicially authorized acts to the detriment of other innocent parties. The law requires certain diligence of those subject to it, and this diligence is not lightly excused.
In so ruling, we reject the argument that the trial court implicitly sanctioned the non-appearance of replacement counsel by entering an order which directed that the pleadings be sent to Mr. Chin. While it would have been better had the order explicitly directed the corporations to hire replacement counsel within a set period of time (a provision which, in this court’s opinion, should routinely be included in all orders permitting counsel for corporations to withdraw), the omission of such language cannot be construed as meaning that Dunfine and Bonin possessed good cause to ignore their legal obligation to secure new counsel to represent them in this matter where they were the party plaintiffs.
AFFIRMED.
SAWAYA and PLEUS, JJ., concur.

. See Quinn v. Housing Auth. of Orlando, 385 So.2d 1167 (Fla. 5th DCA 1980)(explaining that corporations must be represented by counsel).

. Rule 1.540 of the Florida Rules of Civil Procedure provides, in relevant part:
RULE 1.540 RELIEF FROM JUDGMENT, DECREES, OR ORDERS
[[Image here]]
(b) Mistakes; Inadvertence; Excusable Neglect; Newly Discovered Evidence; Fraud; etc. On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, decree, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect ...

.See Barnett v. Barnett, 718 So.2d 302 (Fla. 2d DCA 1998).