861 So.2d 490 (2003)
Jacob A. ROSE, Appellant,
v.
Inge B. FORD, Appellee.
No. 4D01-4248.
District Court of Appeal of Florida, Fourth District.
December 3, 2003.
*491 Jacob A. Rose of The Rose Law Firm, P.A., West Palm Beach, for appellant.
Philip M. Chopin of Chopin & Chopin, West Palm Beach, for appellee.

ON MOTION FOR REHEARING AND/OR CLARIFICATION
SHAHOOD, J.
We grant appellant's motion for rehearing and/or clarification, withdraw our previous opinion and substitute the following in its place.
We reverse the trial court's order striking appellant's pleadings, granting motion for default and final judgment of modification in favor of appellee. By entering such harsh sanctions, appellant was denied the opportunity to be heard on the issue of child custody.
The parties are the biological parents of three minor children. Appellant, an attorney, initially filed an action for adjudication of paternity and primary residential custody over the three children in 1994. In September 1994, the parties entered into an Agreement Regarding Primary Residential Parent with appellant becoming the temporary primary residential parent over the children, with the parties having shared parental responsibility. The parties agreed to a liberal visitation arrangement in keeping with standard visitation guidelines. On December 12, 1994, the parties, pursuant to mediation, agreed to a temporary relief agreement in which appellee would have visitation with the children. On January 3, 1995, the trial court adopted the temporary agreement reached at mediation.
On May 30, 1995, a settlement was reached during mediation, which was incorporated into a Final Judgment on July 17, 1995. The parties agreed, among other things, to shared parental responsibility without any designation of primary residential parent, that the current visitation schedule set forth in the temporary order of January 3, 1995 was to become permanent, and that the mother was to pay $500 per month in child support. As such, the Final Judgment of Paternity and subsequent modifications determined that the parties would essentially enjoy "rotating custody." Under the agreement, if either party was out of town in excess of 24 hours while the children resided with the parent, the other parent had the first right of refusal to have the children.
Following the sexual abuse upon one of the minor children by a relative while under appellant's care and in his residence, appellee filed an amended supplemental petition for modification of final judgment seeking permanent and temporary custody and a motion for temporary relief seeking temporary residential custody. Primary residential custody was given to appellee. Thereafter, appellant counter-petitioned for primary residential custody.
Following a temporary relief hearing held on July 6, 2001, appellant was ordered to remit the sum of $10,000 as temporary attorney's fees to appellee's counsel at the *492 rate of $2,500 per month; appellant failed to pay the monies as ordered. Appellant filed a motion for rehearing and an untimely appeal of the Order Awarding Temporary Fees.
In September 2001, appellee filed a motion to establish visitation guidelines and for right of first refusal. Appellee maintained that appellant continued to employ the services of others to care for the children rather than allow appellee to provide said care. Also, appellant refused to tell appellee where the children were residing on the various nights and refused to provide telephone access to the children. On November 8, 2001, the court entered an order awarding first right of refusal and setting visitation guidelines.
At a hearing on an order to show cause held September 21, 2001, appellant certified that the monies would be paid in full by November 2001. When appellant failed to adhere to the new payment schedule, the court entertained a motion to strike his pleadings. After appellant again failed to make any payments on yet another agreed repayment schedule, the court, on December 7, 2001, struck appellant's responsive pleadings and entered a default in favor of appellee in an Order Striking Pleadings, Granting Motion for Default and Final Judgment of Modification. In its order the court noted in part:
The Petitioner is without the means to litigate this case on even-footing with the Respondent, who continues to set depositions, seek affirmative relief, avoid discovery orders, and the like and the trial of this cause is rapidly approaching. Having no other viable alternative, the Respondent gives this Court no choice but to strike his responsive pleadings in this cause and enter a default in favor of the Petitioner as to all issues properly before the Court.
As to modification of residential custody, the court held that despite the default, a modification of the current custody arrangement, "rotating custody," was warranted due to the parties inability to work together and appellant's inability to care for the children. As such, appellee was awarded primary residential custody.
As to child support, the order states that appellee was entitled to an award commensurate with the parties' actual incomes, the needs of the minor children and the Child Support Guidelines. As to fees and costs, the order went on to state that "[t]his Court has previously awarded $7,500.00 in temporary attorney's fees and costs which remain unsatisfied by the Respondent. This sum is hereby reduced to final judgment, and the Respondent shall pay the sum of $7,500.00 to the Petitioner, plus statutory interest from the date of this Final Judgment, for which sum let execution issue forthwith."
On January 28, 2002, an evidentiary hearing was held to establish child support in keeping with the directives of the court's December 7, 2001 order. Following extensive testimony, the court entered an Order Establishing Child Support. The court ordered that retroactive child support in the amount of $803.20 be established to January 8, 2002 and shall be satisfied by monthly installments of $165.00 commencing February 1, 2002. Further, an income deduction order was to issue contemporaneously with the above order, effective instanter for garnishment of appellant's wages in the amount of $1,037.47 for regular child support. Subsequent thereto, appellant was held in contempt for failure to pay.
In this case, the trial court abused its discretion in striking appellant's pleadings thereby denying him the opportunity to be heard on the issue of child custody. In McEwen v. Rodriguez, 766 So.2d 316, *493 318 (Fla. 4th DCA 2000), this court stated that because it is the child's best interests which are at stake, a change in custody should not be granted without a hearing from a parent who has defaulted in some manner, if that parent wishes to put on evidence. In that case, the mother, who initially had custody of the child, was entitled to a rehearing so as to allow her to submit evidence on the best interests of the child, even though she failed to attend a hearing on the father's petition for modification of child custody which resulted in a default judgment for the father.
In reversing, the McEwen court relied upon Seibert v. Seibert, 436 So.2d 1104, 1105 (Fla. 4th DCA 1983). In Seibert, a default judgment was entered against a mother who failed to respond to the father's petition to change custody. This court affirmed the entry of the default, but stated the following:
We caution that the issue of child custody is still subject to determination based upon the paramount consideration of the best interest of the children. A petition remains pending on the issue of custody and the appellant's prior noncompliance with court orders and other defaults are but circumstances to be considered on the court's further determinations as to custody. In short, child custody between contesting parents is always subject to reevaluation based upon the interests of the children. Such issues are not to be foreclosed on technical pleading defaults. Here the former husband was entitled to the default but the court must proceed to consider the further petition on custody without foreclosing consideration of all relevant factors bearing on the best interest of the children.
McEwen, 766 So.2d at 317-18 (quoting Seibert, 436 So.2d at 1105).
In Andrews v. Andrews, 624 So.2d 391, 392 (Fla. 2d DCA 1993), a mother failed to comply with court orders, resulting in the striking of her pleadings. As a consequence, she was not permitted to present any witnesses at the hearing resulting in the change of custody. In reversing, the Andrews court held:
Decisions affecting child custody require a careful consideration of the best interests of the child. § 61.13, Fla. Stat. (1991). This court has previously discouraged trial courts from using default as a sanction when dealing with the sensitive issue of child custody. Chase v. Chase, 519 So.2d 637 (Fla. 2d DCA 1987). In such cases, the testimony of a child's natural mother will almost always aid the court in fairly determining the child's best interests. See Doane v. Doane, 279 So.2d 46 (Fla. 4th DCA 1973). Although Ms. Andrews is an ineffective and uncooperative litigant, she may still be the better parent for custody of the couple's two young children. Especially in the context of a modification of child custody, it would seem critical for the trial court to hear the full testimony of the parent who was initially granted custody.
624 So.2d at 392; see also McEwen, 766 So.2d at 317.
While it is undisputed that appellant failed to comply with several court orders dealing with the payment of appellee's attorney's fees, the harsh sanction of striking pleadings, especially when dealing with child custody issues, should not be meted out based upon the failure to pay attorney's fees. Despite the default entered in the December 7, 2001 order, appellant should have at least been permitted to submit evidence in defense of his request for a change in custody.
In addition, the court erred in striking appellant's pleadings where there was no *494 determination that appellant willfully failed to comply with the court's order. Although appellant clearly did not comply with the court's order requiring payment of temporary attorney's fees, the order striking appellant's pleadings contains no findings or express determination that appellant's noncompliance was deliberate and in contumacious disregard for the court's authority. See Baja Village Mkts., Inc. v. Baja Supermarket, Inc., 712 So.2d 465 (Fla. 3d DCA 1998)(the striking of a party's pleadings is a severe sanction which can be imposed only upon a party's willful and deliberate disregard of a court's authority and by the express determination by the court that the party's actions were willful or deliberate); see also Visoly v. Kluger, Peretz, Kaplan & Berlin, P.A., 707 So.2d 427, 428 (Fla. 3d DCA 1998). While the trial court stated that the appellant did not adhere to payment schedules agreed to by the parties, no finding was made as to his ability to pay. Rather than employ such a harsh sanction as striking appellant's pleadings, the court, more appropriately at a later date held appellant in contempt for his failure to pay appellee's temporary attorney's fees. See Rose v. Ford, 831 So.2d 763 (Fla. 4th DCA 2002).
REVERSED AND REMANDED FOR PROCEEDINGS CONSISTENT WITH THIS OPINION.
WARNER and TAYLOR, JJ., concur.