874 So.2d 1244 (2004)
Felicia VAN ASTEN f/k/a Felicia Costa, Appellant,
v.
Stephen COSTA, Appellee.
No. 4D03-4141.
District Court of Appeal of Florida, Fourth District.
June 9, 2004.
*1245 Kenneth G. Spillias of Lewis, Longman & Walker, P.A., West Palm Beach, for appellant.
Kevin D. Wilkinson of Kevin D. Wilkinson, P.A., Wellington, for appellee.
WARNER, J.
The former wife appeals an order denying her petition for modification for relocation of the parties' children from their residence in Palm Beach County to Seminole County, Florida, where the former wife's new husband obtained employment after his Palm Beach County employer went out of business. The court found that the relocation would not benefit the children or be in their best interest and denied the petition. We affirm, concluding that the court did not abuse its discretion.
Although the former wife had a compelling reason to relocate because her new husband had lost his job and had found one in a different area of the state, the evidence also showed that the substitute visitation would be inadequate to foster the same sort of continuing relationship between the former husband and the children that he enjoyed. Moreover, the children would lose contact with their paternal relatives who provided care, which the court found was extremely important in the children's lives.
The trial court considered each factor under section 61.13(2)(d), Florida Statutes (2002), and there is sufficient competent evidence to support the findings. See Harris v. Migliore, 789 So.2d 477 (Fla. 4th DCA 2001) (denying relocation despite increased salary and benefits to former wife's new husband where those benefits did not outweigh detriment to father/child relationship); Flint v. Fortson, 744 So.2d 1217 (Fla. 4th DCA 1999) (denying relocation where it would so drastically curtail the father's active, ongoing participation in his daughters' lives that, in conjunction with other factors, the move was not in the best interest of the children); Flannery v. Crowe, 720 So.2d 308 (Fla. 4th DCA 1998) (denying former wife's relocation where new husband was transferred to Sebring and substitute visitation was inadequate to foster continuing meaningful relationship between child and father, and child's best interests were not served by moving).
Relocation cases always involve a considerable exercise of discretion in the weighing and evaluation of the statutory factors. Here, the court ruling was within the bounds of that discretion, despite the hardship that this may pose to the former wife.
The former wife also complains that the court ruled without hearing all of the evidence. However, the court ruled after hearing all of the former wife's evidence. Unlike Haskin v. Haskin, 677 So.2d 376 (Fla. 4th DCA 1996), the court here did not reject the wife's evidence or rule on issues of credibility. Instead, it found that with all of the evidence taken in the light most favorable to the wife, the court still *1246 would not permit relocation given the effect on the children and the husband. The former wife was not denied a full and fair opportunity to present her case.
Affirmed.
KLEIN and GROSS, JJ., concur.