937 So.2d 1223 (2006)
Monier Mahmout RAHALL, Petitioner,
v.
Mohana CHEAIB-RAHALL, Respondent.
No. 2D05-3921.
District Court of Appeal of Florida, Second District.
September 22, 2006.
*1224 Jane H. Grossman of Law Offices of Jane H. Grossman, St. Petersburg, for Petitioner.
Charles E. Monty of Charles E. Monty, P.A., Clearwater, for Respondent.
NORTHCUTT, Judge.
Mr. Rahall and Mrs. Cheaib-Rahall are involved in pending litigation to dissolve their marriage. As part of the proceedings, the circuit court ordered Mr. Rahall to pay his wife $15,000 in temporary attorney's fees by a certain date. Mr. Rahall did not pay as ordered, and Mrs. Cheaib-Rahall moved to have him held in contempt. The court did not hold Mr. Rahall in contempt, but it entered a sanctions order barring him from conducting discovery and from pursuing his previously filed motion for an emergency change of temporary custody until he complies with the fee order. Mr. Rahall seeks a writ of certiorari quashing the sanctions order.
We deny the petition as it relates to the court's decision to prohibit discovery. However, we conclude that the circuit court's duty to inquire into and ensure the best interests of the children must prevail over its understandable determination that Mr. Rahall's conduct warrants sanctions. Therefore, we grant the petition in part and quash the portion of the order that prevents Mr. Rahall from pursuing his emergency motion to transfer temporary custody.
Decisions concerning child custody during the pendency of dissolution litigation are governed by the shared parental responsibility law, section 61.13, Florida Statutes (2004), and must be based on the best interests of the child. Decker v. Lyle, 848 So.2d 501, 503 (Fla. 2d DCA 2003). On direct appeal, Florida courts have consistently reversed orders or judgments that granted custody to one parent based on sanctions imposed for the other parent's recalcitrance. For example, in Burckle v. Burckle, 915 So.2d 747 (Fla. 2d DCA 2005), the circuit court transferred custody from the father to the mother as a sanction for the father's refusal to comply with court-ordered visitation. We reversed the custody change, noting that such a sanction does not compel compliance with the court's order. "[R]ather it may, in the absence of a finding that such *1225 a change is in the best interest of the children, penalize the children for the parent's contumacious conduct." Id. at 749 (quoting LaLoggia-VonHegel v. VonHegel, 732 So.2d 1131, 1133 (Fla. 2d DCA 1999)); see also Decker, 848 So.2d at 503 (stating that a temporary custody decision must be based on the child's best interest and not as a sanction for a parent's behavior).
Likewise, in Rose v. Ford, 861 So.2d 490 (Fla. 4th DCA 2003), the district court reversed a judgment modifying custody in favor of the mother. As a sanction for the father's failure to pay the mother's attorney's fees, the circuit court had stricken his pleadings and entered a default against him. The court noted that the harsh sanction of striking the father's pleadings based on his failure to pay the mother's attorney's fees was improper when it foreclosed him from litigating child custody issues, in which the best interests of the child must be considered. Id. at 493. See also Barnett v. Barnett, 718 So.2d 302, 304 (Fla. 2d DCA 1998) ("It has long been the rule in Florida that child custody should be decided based on the best interests of the children, not based on the default of one of the parents."); Andrews v. Andrews, 624 So.2d 391, 392 (Fla. 2d DCA 1993) (reversing an order striking the mother's pleadings in a modification proceeding for her failure to comply with court orders and noting that decisions affecting child custody require consideration of the child's best interests); McEwen v. Rodriguez, 766 So.2d 316, 318 (Fla. 4th DCA 2000) (holding that a modification of custody should not be based on one parent's default because it is the child's best interests that are at stake).
For this court to grant a certiorari petition challenging a nonfinal order, the petitioner must establish: "(1) a departure from the essential requirements of the law, (2) resulting in material injury for the remainder of the trial, (3) that cannot be corrected on postjudgment appeal." Parkway Bank v. Fort Myers Armature Works, Inc., 658 So.2d 646, 648 (Fla. 2d DCA 1995); see also Barker v. Barker, 909 So.2d 333, 336 (Fla. 2d DCA), review denied, 914 So.2d 952 (Fla.2005).
The previously cited cases establish that the law requires courts to decide child custody issues based solely on the children's best interests and that this consideration must govern even in the face of a party's procedural defaults or contumacious conduct. While a parent's behavior in connection with the litigation may be considered in a custody decision, that conduct cannot be the determinative factor. See Andrews, 624 So.2d at 392 (noting that although the mother was an uncooperative litigant she might still be the better parent); Seibert v. Seibert, 436 So.2d 1104, 1105 (Fla. 4th DCA 1983) (stating that a parent's noncompliance with a court order is a circumstance to be considered in a child custody decision). In other words, a parent's actions in the lawsuit cannot trump the child's right to have custody decided based on his or her best interests. The result of the sanction imposed against Mr. Rahall is that the court will not address the children's best interests until their father pays court-ordered attorney's fees. That violation of the children's right is a departure from the essential requirements of law.
The second Parkway prong, material injury for the remainder of the trial, has also been met under the facts of this case. Mr. Rahall's emergency motion to change temporary custody alleges that the children's mother has left them with inappropriate custodians and that the children have been injured or abused. If the allegations are true, the sanctions order will have deprived the court of its ability to protect the children from harm. If the father does *1226 not pay the court-ordered fees, the children may be forced to remain in this alleged dangerous situation until the trial is completed. While the present record contains no support for Mr. Rahall's contentions, the court must address them notwithstanding his potentially contemptuous behavior. As well as establishing the second prong of the Parkway test, these facts also establish the third prong, that is, that the harm cannot be corrected on a postjudgment appeal.
We grant the petition for certiorari in part and quash the circuit court's order insofar as it prohibits Mr. Rahall from bringing before the court his emergency motion to change temporary custody. In doing so, we emphasize that we do not condone Mr. Rahall's refusal to pay the court-ordered temporary attorney's fees. The circuit court remains free to impose any other sanctions it believes might compel Mr. Rahall's compliance with the order, including indirect criminal contempt. See Lomison v. Lomison, 329 So.2d 408, 409 (Fla. 2d DCA 1976).
Petition denied in part and granted in part.
ALTENBERND and SILBERMAN, JJ., Concur.