944 So.2d 1169 (2006)
Martha D. ECHEZARRETA, Appellant,
v.
Eduardo ECHEZARRETA, Appellee.
No. 3D06-2108.
District Court of Appeal of Florida, Third District.
December 13, 2006.
Steven N. Abramowitz, for appellant.
Ilene F. Tuckfield, for appellee.
Before GREEN and SHEPHERD, JJ., and SCHWARTZ, Senior Judge.
SCHWARTZ, Senior Judge.
The mother, who, in a Miami-Dade County dissolution judgment of October 9, 2003, had been granted primary physical residence of the couple's twelve and thirteen year-old daughters, appeals from orders (a) denying her application to relocate with the children to Daytona Beach and (b) temporarily granting custody of the children to the father so they could continue to attend school in Miami-Dade County. We affirm both orders.

I.
On the relocation issue, we reject the claim that, under the then-prevailing *1170 law,[1] the mother had the right to relocate even without the permission of the court. See Fredman v. Fredman, 917 So.2d 1038 (Fla. 2d DCA 2006); Shafer v. Shafer, 898 So.2d 1053 (Fla. 4th DCA 2005); Fabre v. Levine, 618 So.2d 317 (Fla. 1st DCA 1993), review denied, 629 So.2d 132 (Fla.1993); Hill v. Hill, 548 So.2d 705 (Fla. 3d DCA 1989), review denied, 560 So.2d 233 (Fla. 1990). In our judgment, this rule does not apply to this case both because (a) the parties' marital settlement agreement, incorporated into the judgment of dissolution, specifically stated that the issue of shared parental responsibility would be governed by section 61.13, Florida Statutes (2003), which includes the then-controlling relocation statute, § 61.13(2)(d), Fla. Stat. (2003); Lancaster v. Briley, 932 So.2d 549 (Fla. 1st DCA 2006); Jensen v. Jensen, 904 So.2d 635 (Fla. 4th DCA 2005), and (b) both parties, including the appellant herself by explicitly moving for permission to relocate, invoked the jurisdiction of the court to consider and rule upon the issue. See Fredman, 917 So.2d at 1038. On the merits, we find no abuse of discretion or error of law in the trial court's denial of that permission. See Shafer, 898 So.2d at 1058; Adams v. Shiver, 890 So.2d 1199 (Fla. 1st DCA 2005); Van Asten v. Costa, 874 So.2d 1244 (Fla. 4th DCA 2004).

II.
Although we agree with the thrust of the appellant's argument that a change in custody cannot be employed to punish the custodian either for failing to abide by the obligation meaningfully to "share parental responsibility," see Burckle v. Burckle, 915 So.2d 747 (Fla. 2d DCA 2005); Decker v. Lyle, 848 So.2d 501 (Fla. 2d DCA 2003); Landingham v. Landingham, 685 So.2d 946 (Fla. 1st DCA 1996); State ex rel. Tilden v. Utreva, 386 So.2d 1 (Fla. 3d DCA 1980); see also Cecena v. Chambers, 938 So.2d 646 (Fla. 2d DCA 2006), or for other assumed wrongdoing, see Rose v. Ford, 861 So.2d 490 (Fla. 4th DCA 2003); Meixner v. Meixner, 785 So.2d 600 (Fla. 3d DCA 2001); Andrews v. Andrews, 624 So.2d 391 (Fla. 2d DCA 1993); see also Rahall v. Cheaib-Rahall, 937 So.2d 1223 (Fla. 2d DCA 2006), we hold, on the particular facts of this case  in which the mother enrolled the children in school in Delray Beach less than a week after the permission to relocate had been denied  that it was within the court's discretion to require a change in custody to the father on an interim basis so that they could be  as they now have been  enrolled in school at their former home. See Bini v. Bini, 828 So.2d 470 (Fla. 5th DCA 2002).
We caution, as did the trial court,[2] that the ruling we now approve is only temporary and is not to be construed as affecting in any way the requirements necessary to justify a modification of the custody provision of the final judgment. See Wade v. Hirschman, 903 So.2d 928, 935 (Fla.2005); Bazan v. Gambone, 924 So.2d 952 (Fla. 3d DCA 2006), review denied, No. SC06-892, 944 So.2d 344 (Fla.2006); Gutierrez v. Medina, 613 So.2d 528 (Fla. 3d DCA *1171 1993).[3]
Affirmed.
NOTES
[1] Under the now-applicable statute, § 61.13001, Fla. Stat. (2006), which became effective on October 1, 2006, ch. 2006-245, § 2, at 2721, Laws of Fla., the relocation of children is always open to judicial scrutiny.
[2] The court stated:

[A]s soon as she gets on her feet and back in Miami, I'll entertain a motion for a transfer of the children back to the former wife. . . . As soon as that is accomplished and you are back to the status quo again. And it is the intent of the Court to get back to the status quo, but that is as soon as Mrs. Echezaretta acts.
[3] If the mother decides to return to Miami-Dade County so that the children may continue to attend their present school, it may, at the least, be very difficult for the father to establish the prerequisites for a change of primary physical residence. See Bryant v. Bryant, 882 So.2d 1066 (Fla. 5th DCA 2004); Mehler v. Mehler, 555 So.2d 1295 (Fla. 3d DCA 1990); Zugda v. Gomez, 553 So.2d 1295 (Fla. 3d DCA 1989); see also Muniz v. Muniz, 789 So.2d 370, 379-80 (Fla. 3d DCA 2001)(Schwartz, C.J., dissenting in part).