HALL, Acting Chief Judge.
The husband contends that the trial court erred in awarding attorney’s fees to the wife in a dissolution proceeding where the record was devoid of any evidence showing the wife’s need and the husband’s ability to pay. He also contends that the trial court erred in failing to set forth findings, as required by Florida Patient’s Compensation Fund v. Rowe, 472 So.2d 1145 (Fla.1985), in its final order awarding the fees. We agree and reverse.
The original petition for dissolution was dismissed upon the stipulation of the parties. The trial court’s order of dismissal reserved jurisdiction to consider the wife’s motion for attorney’s fees. At a subsequent hearing, the wife’s attorney presented evidence as to the value of his services, but failed to present any evidence as to the husband’s ability to pay or the wife’s need. The trial court thereafter entered an order which determined that the wife’s attorney was entitled to a fee of $6000 and required that the husband contribute $4250 towards the wife’s attorney’s fees, and pay $866.37 for costs.
At the hearing to determine whether the wife was entitled to fees, no financial affidavits or other evidence of the parties’ financial positions were produced for the record. In light of the lack of any evidence demonstrating the financial need of the wife and sufficient assets of the husband showing an ability to pay, the court erred in awarding attorney’s fees to the wife.
As we stated in Shields v. Shields, 502 So.2d 1349, 1350 (Fla. 2d DCA 1987): “Rowe requires the trial court not only determine the proper amount of attorney’s fees by considering the basic rate, the number of hours reasonably expended in the case, and the appropriateness of the reduction of enhancement figures, but also to set forth specific findings as to those factors.”
We therefore reverse and remand with directions that the trial court conduct a new hearing on attorney’s fees consistent herewith.
THREADGILL and PATTERSON, JJ., concur.