RYDER, Acting Chief Judge.
This is appellant’s second appeal of a nonfinal order in this dissolution proceeding. Thomas J. Thurner (husband) now challenges the trial court’s orders adjudicating him in criminal contempt, awarding attorneys’ fees to Cheri J. Thurner (wife) and striking his motion to appoint a commissioner in the state of Wisconsin. Although it is apparent that appellant has tested the court’s patience and the wife’s endurance, we nevertheless reverse the orders concerning criminal contempt and attorneys’ fees, and remand for proceedings consistent herewith. We otherwise affirm.
The parties were married in 1969, and there were three children born of the marriage. In early 1989, the parties separated and the wife filed a petition for dissolution of marriage in May 1989. The husband, a resident of Wisconsin and the Cayman Islands, was served on or about February 8, 1990. Pursuant to an order dated July 12, 1990, the husband was ordered to pay $2,000.00 a month as temporary alimony and $1,500.00 a month as temporary child support. The court also ordered husband to pay arrearages of $26,451.64 and $19,-838.73 for alimony and support, respectively. The husband made three payments of $3,500.00 per month. At a hearing held November 5, 1990, in the husband’s absence, the husband was found in contempt of the court’s order for failure to pay his child support and alimony arrearages and was given a purge provision to pay one-half of $45,390.37 within ten days of the court’s adjudication and to pay the remainder within thirty days thereafter. A hearing was held November 16, 1990, at which time the husband testified that he would liquidate a certain Keogh account within approximately three weeks. Consequently, the court ordered on December 3, 1990 that the November 5,1990 order be vacated contingent upon the husband’s liquidation of the Keogh account and payment of the arrear-ages. A subsequent hearing was held December 17, 1990, on the wife’s emergency motion for entry of an order of commitment, for sanctions, and motions for injunc-tive relief and for attorneys’ fees and costs. Husband’s attorney was unable to contact him and he was not present at the hearing. The court’s subsequent orders are the subject of this appeal.
Florida Rule of Criminal Procedure 3.840 provides for the prosecution of indirect criminal contempt. The judge on his own motion issued a bench warrant. The record reflects no further efforts to comply with the rule’s requirements. No order to show cause was issued, no arraignment or show cause hearing was held and no sentencing pronouncement was made. Procedural due process of law requires that the proceedings be conducted in conformity with rule 3.840. Pugliese v. Pugliese, 347 So.2d 422 (Fla.1977).
Appellant further argues that there was no competent evidence to support the trial court’s finding of criminal contempt. We agree. The wife testified over objection to a telephone conversation with an agent of the Keogh custodian who advised her that the fund had been liquidated and transferred to another brokerage account in California a few days before the November 16, 1990 hearing. We are of the opinion that this hearsay cannot form the basis for the imposition of criminal contempt.
Appellant challenges the award of attorneys’ fees on the grounds that there was insufficient evidence of the wife’s need or the husband’s ability to pay, and that the court awarded attorneys’ fees in excess of the fee agreement reached by the attorney and wife. From the meager record, there appears to be enough to make a finding of husband’s ability to pay and the wife’s need. Lohr v. Lohr, 552 So.2d 316 (Fla. 2d DCA 1989). However, no such finding was made by the trial court. It is error to award attorneys’ fees in excess of the fee agreement reached by the attorney and client where there has been no showing that the client was required to fee bargain with her attorney from an inferior financial position which resulted in an otherwise unreasonably low fee arrangement. Winterbotham v. Winterbotham, 500 So.2d 723 (Fla. 2d DCA 1987). We note conflict with Gardner v. Edelstein, 561 So.2d 327 (Fla. 1st DCA 1990).
*152 Although not raised on appeal, we note that the court failed to make the specific findings required by Florida Patient’s Compensation Fund v. Rowe, 472 So.2d 1145 (Fla.1985). Rowe is applicable to domestic relations cases. Moore v. Moore, 491 So.2d 1214 (Fla. 2d DCA 1986). Wife presented an expert witness who testified as to the reasonableness of the hourly rate and the customary fee in the locality, the number of hours reasonably expended, the complications of the instant lawsuit and other related matters. However, the court’s order must include specific findings to support the lodestar and the appropriateness of reduction or enhancement factors. This was not done.
Appellant notes that approximately eight hours of attorneys’ fees related to the previous appeal were included in the court’s award of attorneys’ fees prior to the issuance of a mandate by the appellate court. We affirm the order granting fees pursuant to our order granting same.
On the last point raised, we find no abuse of discretion in the court’s ruling striking the husband’s motion for appointment of a commissioner in the state of Wisconsin.
We reverse the orders of criminal contempt and attorneys’ fees award, and remand for further proceedings consistent herewith. We otherwise affirm.
SCHOONOVER, C.J., and PATTERSON, J., concur.