LaROSE, Judge.
 

 Betty Tullos appeals the trial court’s order awarding her a less-than-requested amount of attorney’s fees incurred in a dissolution action. The parties had stipulated that the amount of attorney’s fees and costs was reasonable. The trial court erred in awarding a lesser amount of fees
 
 *357
 
 without making specific findings supporting the reduction. We reverse.
 

 The husband, Paul Tullos, filed a dissolution action in 2000. In 2002, the trial court entered an order entitled “Final Judgment of Legal Separation,” which required the husband to pay $1100 in monthly alimony.
 
 See
 
 § 61.09, Fla. Stat. (2000) (providing for alimony and support without dissolution). In 2005, the husband filed a petition to set aside the judgment, seeking to secure a final dissolution judgment. He also filed a supplemental petition to modify alimony. After more than two years of litigation, the trial court denied him the requested relief.
 

 The wife then sought an award of attorney’s fees and costs. The parties stipulated to the reasonableness of the attorney’s hourly rate, $275, and to the hours expended on the litigation, 30.6. Accordingly, the wife sought $8415 in attorney’s fees plus $436.50 in costs, for a total of $8851.50. After a hearing at which the trial court heard testimony on the wife’s need and the husband’s ability to pay, the trial court issued an order awarding the wife $4207.50 in attorney’s fees and $356.50 in costs, for a total of $4564. The trial court did not explain why it awarded the wife about fifty percent of the fees she requested.
 

 [I]n computing an attorney fee, the trial judge should (1) determine the number of hours reasonably expended on the litigation; (2) determine the reasonable hourly rate for this type of litigation; (3) multiply the result of (1) and (2) [“the lodestar amount”]; and, when appropriate, (4) adjust the fee on the basis of the contingent nature of the litigation or the failure to prevail on a claim or claims.
 

 Fla. Patient’s Comp. Fund v. Rowe,
 
 472 So.2d 1145, 1151-52 (Fla.1985);
 
 Lanham v. Lanham,
 
 528 So.2d 80, 80 (Fla. 2d DCA 1988). Further, in dissolution actions under section 61.16, Florida Statutes (2008), the trial court must exercise its discretion “to provide justice and ensure equity between the parties.”
 
 Rosen v. Rosen,
 
 696 So.2d 697, 700 (Fla.1997).
 

 After determining the lodestar amount, the trial court must consider the parties’ respective financial resources and then assess other relevant circumstances including the scope and history of the litigation, its duration, the merits of the respective positions, whether the parties bring or maintain the litigation primarily to harass or present a defense mainly to frustrate or stall, and the existence and course of prior or pending litigation.
 
 Id.
 

 The trial court must set forth specific findings as to these factors.
 
 Thurner v. Thurner,
 
 584 So.2d 150, 152 (Fla. 2d DCA 1991);
 
 Lanham,
 
 528 So.2d at 80. If the trial court adjusts the lodestar, “it must state the grounds on which it justifies the enhancement or reduction.”
 
 Rowe,
 
 472 So.2d at 1151;
 
 see Parton v. Palomino Lakes Prop. Owners Ass’n, Inc.,
 
 928 So.2d 449, 453 (Fla. 2d DCA 2006) (reversing fee order that reduced requested fee by twenty-five percent, stating that number of hours seemed inflated but omitting required findings as to reasonable rate and hours expended);
 
 Thurner,
 
 584 So.2d at 152. The husband concedes that the trial court erred in failing to make specific findings.
 

 In
 
 Bogos v. Bogos,
 
 821 So.2d 383, 385 (Fla. 2d DCA 2002)
 
 (Bogos
 
 I), we reversed an attorney’s fee award because the trial court failed to make findings explaining why it reduced the fees from a stipulated amount. In a subsequent appeal after remand, we reversed again and provided explicit instructions to the trial court:
 

 [O]n remand the trial court may (1) accept the stipulation of the parties that the $7500 in fees the former wife incurred ... were reasonable; (2) review
 
 *358
 
 the transcript of the [attorney’s] testimony ... and the documentary evidence she submitted regarding the hourly rates she charged and the hours she expended in representing the former wife; (3) review the court records; (4) determine the reasonable hourly rate and reasonable amount of hours expended by [counsel] on the former wife’s behalf; (5) solicit and receive evidence on the relative financial circumstances of the parties; and (6) enter an appropriate order, with specific findings, on the former wife’s request for attorneys’ fees.
 

 We have specifically used the word “may” in the preceding paragraph. Nothing in that paragraph should be read to prevent the parties from stipulating to some or all the procedures to be followed and the underlying facts that should guide the circuit court’s decision.FN4 Further, if the circuit judge assigned to the case on remand decides that a more extensive evidentiary hearing is required, our opinion does not foreclose this. We urge the court and both parties, however, to work together to expeditiously and conclusively resolve this litigation without any further undue expense.
 

 FN4. ... [D]oing so would be “an appropriate concession to the shortness of life.”
 

 Bogos v. Bogos,
 
 986 So.2d 1184, 1186-87 (Fla. 2d DCA 2006)
 
 (Bogos II)
 
 (footnote omitted) (quoting
 
 Manas v. Manas,
 
 732 So.2d 1155, 1156 n. 1 (Fla. 3d DCA 1999)).
 

 We reverse and remand with directions that the trial court follow the procedure we set forth in
 
 Bogos II.
 

 Reversed and remanded.
 

 CASANUEVA, C.J., and NORTHCUTT, J., Concur.