PER CURIAM.
 

 We have for consideration the regular-cycle report of proposed rule amendments filed by the Florida Bar’s Rules of Judicial Administration Committee (Rules Committee). We have jurisdiction.
 
 See
 
 art. V, § 2(a), Fla. Const.; Fla. R. Jud. Admin. 2.140(b)(4).
 

 BACKGROUND
 

 The Rules Committee proposes amendments to Florida Rules of Judicial Administration 2.505 (Attorneys); 2.510 (Foreign Attorneys); 2.525 (Electronic Filing); and 2.530 (Communication Equipment). Consistent with rule 2.140(b)(2), the Rules Committee published the proposals for comment. One comment was received, on which the Rules Committee declined to act. The Board of Governors of The Florida Bar unanimously approved the proposals. The Court also published the proposals for comment. One comment was filed with the Court, to which the Rules Committee filed a response.
 

 AMENDMENTS
 

 After considering the Rules Committee’s proposals, the comment filed, and the Rules Committee’s response, and hearing from the committee chair at oral argument, we adopt the amendments to 2.510 (Foreign Attorneys) as proposed. We adopt the proposed amendments to rules 2.505 (Attorneys), and 2.530 (Communication Equipment), with minor modification. We adopt new rule 2.526 (Accessibility of Information and Technology), on our own motion, and modify proposed new rule 2.525(g) to reference new rule 2.526. We explain the amendments we modify below.
 

 First, we modify the proposed amendment to rule 2.505(f)(1) (Withdrawal of Attorney) to require that a motion to withdraw include the client’s telephone number
 
 and
 
 email address. The Rules Committee
 
 *211
 
 proposes requiring that the client’s telephone number be included in a motion to withdraw to make it easier for the court to maintain contact with a party who may have to proceed pro se after withdrawal of the attorney. To further that goal, we add the requirement that the client’s email address also be included in the motion.
 

 Next, we address the modifications to proposed new rule 2.525(g) (Accessibility) and our adoption of new rule 2.526 (Accessibility of Information and Technology). The proposal to add new subdivision (g) to rule 2.525 (Electronic Filing) was made in response to a request made at the direction of former Chief Justice Quince to propose a rule requiring that electronically transmitted judicial records be formatted in a manner that complies with all state and federal laws requiring that electronic documents be accessible to persons with disabilities. We decline to adopt proposed new subdivision (g) as drafted because it would apply only to “court records” electronically filed with the clerk of court in accordance with rule 2.525. Rather, we adopt new rule 2.526 to require any electronically transmitted document that is or will become a “judicial branch record,”
 
 [1]
 
 to be formatted in compliance with state and federal accessibility requirements.
 
 [2]
 
 The new rule applies to all electronically transmitted “court records”
 
 [3]
 
 and “administrative records,”
 
 [4]
 
 i.e., records made or received in connection with the transaction of official business by any judicial branch entity.
 
 [5]
 
 We also modify proposed new subdivision (g) of rule 2.525 to require that all documents transmitted in any electronic form under that rule must comply with the accessibility requirements of new rule 2.526.
 

 Finally, we adopt the proposed amendment to rule 2.530(d)(1) (Testimony; Generally), with minor modification. Rule 2.530(d)(1) currently provides that if all the parties consent, a county or circuit judge may allow testimony to be taken through communication equipment. The rule is amended, as proposed, to provide that testimony also can be taken by communication equipment “if permitted by another applicable rule of procedure.” This amendment will allow the various Florida Bar rules committees to consider whether their bodies of rules should be amended to allow for the use of communication equipment without the parties’ consent.
 
 Cf. Amend. Fla. Rules of Jud. Admin. (2-year Cycle),
 
 851 So.2d 698, 700 (Fla.2003) (declining to adopt amendment to use of communication equipment rule that would have given the court discretion to use communication equipment to take testimony over objection of parties and referring issue to Bar rules committees for rule tailored to various types of substantive cases);
 
 In re Amend. Fla. Rules of Jud. Admin. (2-Year Cycle),
 
 915 So.2d 157, 161 (Fla.2005) (considering various committee reports on use of communication equipment rule and declining to adopt amendment rejected in 2003 because rules com
 
 *212
 
 mittees failed to offer narrowly drafted proposals that would allow for the use of communication equipment over objection of parties in specific types of cases or under limited circumstances as requested). In response to a suggestion by the Family Law Section of The Florida Bar, we also amend rule 2.530(d)(1) to clarify that general magistrates, special magistrates, and hearing officers also may allow the use of communication equipment in accordance with the amended rule.
 

 CONCLUSION
 

 Accordingly, we amend the Florida Rules of Judicial Administration as reflected in the appendix to this opinion. New language is indicated by underscoring; deletions are indicated by struck-through type. The amendments shall become effective January 1, 2012, at 12:01 a.m.
 

 It is so ordered.
 

 CANADY, C.J., and PARIENTE, QUINCE, POLSTON, LABARGA, and PERRY, JJ., concur.
 

 LEWIS, J., concurs in result.
 

 APPENDIX
 

 RULE 2.505. ATTORNEYS
 

 (a)-(e) [No Change]
 

 (f)Termination of Appearance of Attorney. The appearance of an attorney for a party in a proceeding shall terminate only in one of the following ways:
 

 (1)Withdrawal of Attorney. By order of court, where the proceeding is continuing, upon motion and hearing, on notice to all parties and the client, such motion setting forth the reasons for withdrawal and the clients last known address, telephone number, including area code, and email address.
 

 (2) (4)[No Change]
 

 (g)-(h) [No Change]
 

 Court Commentary
 

 [No Change]
 

 RULE 2.510. FOREIGN ATTORNEYS
 

 (a) Eligibility. Upon filing a verified motion with the court, an attorney who is an active member in good standing of the bar of another state and currently eligible to practice law in a state other than Florida may be permitted to appear in particular cases in a Florida court upon such conditions as the court may deem appropriate, provided that a member of The Florida Bar in good standing is associated as an attorney of record. The foreign attorney must make application in each court in which a case is filed even if a lower tribunal granted a motion to appear in the same case. In determining whether to permit a foreign attorney to appear pursuant to this rule, the court may consider, among other things, information provided under subdivision (b)(3) concerning discipline in other jurisdictions. No attorney is authorized to appear pursuant to this rule if the attorney (1) is a Florida resident, unless the attorney has an application pending for admission to The Florida Bar and has not previously been denied admission to The Florida Bar; (2) is a member of The Florida Bar but is ineligible to practice law; (3) has previously been disciplined or held in contempt by reason of misconduct committed while engaged in representation permitted pursuant to this rule provided, however, the contempt is final and has not been reversed or abated; (4) has failed to provide notice to The Florida Bar or pay the filing fee as required in subdivision (b)(7); or (5) is engaged in a “general practice” before Florida courts. For purposes of this rule, more than 3 appearances within a 365-day period in separate representations cases shall
 
 *213
 
 be presumed to be a “general practice.” Appearances at different levels of the court system in the same case shall be deemed 1 appearance for the purposes of determining whether a foreign attorney has made more than 3 appearances within a 365-day period. In cases involving indigent clients, the court may waive the filing fee for good cause shown.
 

 (b) Contents of Verified Motion. A form verified motion accompanies this rule and shall be utilized by the foreign attorney. The verified motion required by subdivision (a) shall include:
 

 (1) [No Change]
 

 (2) a statement identifying by date, case name, and case number all other matters in Florida state courts in which pro hac vice admission has been sought in the preceding 5 years, including any lower tribunals for the case in which the motion is filed, and whether such admission was granted or denied;
 

 (3)-(8) [No Change]
 

 [No Change to Form]
 

 RULE 2.525. ELECTRONIC FILING
 

 (a)-(f) [No Change]
 

 (g)Accessibility. All documents transmitted in any electronic form under this rule must comply with the accessibility requirements of Florida Rule of Judicial Administration 2.526.
 

 Court Commentary
 

 [No Change]
 

 RULE 2.526. ACCESSIBILITY OF INFORMATION AND TECHNOLOGY
 

 Any document that is or will become a .judicial branch record, as defined in rule 2.420(b)(1), and that is transmitted in an electronic form, as defined in rule 2.525, must be formatted in a manner that complies with all state and federal laws requiring that electronic judicial records be accessible to persons with disabilities, including without limitation the Americans with Disabilities Act and Section 508 of the federal Rehabilitation Act of 1973 as incorporated into Florida law by section 282.603(1), Florida Statutes (2010), and any related federal or state regulations or administrative rules.
 

 RULE 2.530.COMMUNICATION EQUIPMENT
 

 (a)-(c) [No Change]
 

 (d)Testimony.
 

 (1)Generally. A county or circuit court judge, general magistrate, special magistrate, or hearing officer mayr-lf-all ■the-parties-eonsent, allow testimony to be taken through communication equipment if all parties consent or if permitted by another applicable rule of procedure.
 

 (2)-(5) [No Change]
 

 (e)-(f) [No Change]
 

 [1]
 

 .
 
 See
 
 Fla. R. Jud. Admin. 2.420(b)(1).
 

 [2]
 

 . To educate attorneys in the requirements of new rule 2.526, which will become effective January 1, 2012, we ask The Florida Bar to make available continuing legal education courses on the subject and encourage attorneys to take advantage of those offerings. We also will develop and provide information to assist lawyers in fulfilling this obligation.
 

 [3]
 

 .See
 
 Fla. R. Jud. Admin. 2.420(b)(1)(A).
 

 [4]
 

 .
 
 See
 
 Fla. R. Jud. Admin. 2.420(b)(1)(B).
 

 [5]
 

 . Judicial branch entities include the state courts system, the clerks of court, The Florida Bar, the Florida Board of Bar Examiners, the Judicial Qualifications Commission, and all other entities established by or operating under the authority of the Supreme Court or the chief justice. Fla. R. Jud. Admin. 2.420(b)(2).