WELLS, Judge.
The former husband appeals from an order: (1) finding him in contempt for intentionally frustrating a prior court order regarding parental timesharing between the parents and ordering make-up *918 time sharing for the former wife as a sanction; and (2) awarding fees and costs as a sanction for his contemptuous behavior. We find no merit in the claim regarding parental timesharing, however we reverse and remand the fees order because the record does not demonstrate compliance with section 61.16, Florida Statutes (2012) [1], or with Florida Patient’s Compensation Fund v. Rowe, 472 So.2d 1145 (Fla.1985). As Rosen v. Rosen, 696 So.2d 697, 700 (Fla.1997) (emphasis added), explains:
Section 61.16 constitutes a broad grant of discretion, the operative phrase being “from time to time.” The provision simply says that a trial court may from time to time, i.e., depending on the circumstances surrounding each particular case, award a reasonable attorney’s fee after considering the financial resources of both parties. Under this scheme, the financial resources of the parties are the primary factor to be considered. However, other relevant circumstances to be considered include factors such as the scope and history of the litigation; the duration of the litigation; the merits of the respective positions; whether the litigation is brought or maintained primarily to harass (or whether a defense is raised mainly to frustrate or stall); and the existence and course of prior or pending litigation.
Accord Dybalski v. Dybalski, 108 So.3d 736, 738 (Fla. 5th DCA 2013).
Additionally, Tullos v. Tullos, 37 So.3d 355, 357 (Fla. 2d DCA 2010), citing Rowe, explains:
[I]n computing an attorney fee, the trial judge should (1) determine the number of hours reasonably expended on the litigation; (2) determine the reasonable hourly rate for this type of litigation; (3) multiply the result of (1) and (2) [“the lodestar amount”]; and, when appropriate, (4) adjust the fee on the basis of the contingent nature of the litigation or the failure to prevail on a claim or claims.
Fla. Patient’s Comp. Fund v. Rowe, 472 So.2d 1145, 1151-52 (Fla.1985); Lanham v. Lanham, 528 So.2d 80, 80 (Fla. 2d DCA 1988). Further, in dissolution actions under section 61.16, Florida Statutes (2008), the trial court must exercise its discretion “to provide justice and ensure equity between the parties.” Rosen v. Rosen, 696 So.2d 697, 700 (Fla.1997).
After determining the lodestar amount, the trial court must consider the parties’ respective financial resources and then assess other relevant circumstances including the scope and history of the litigation, its duration, the merits of the respective positions, whether the parties bring or maintain the litigation primarily to harass or present a defense mainly to frustrate or stall, and the existence and course of prior or pending litigation. Id.
Accord Campbell v. Campbell, 46 So.3d 1221, 1222-23 (Fla. 4th DCA 2010) (“The law is ‘well established that the trial court must set forth specific findings concerning the hourly rate, the number of hours reasonably expended and the appropriateness of reduction or enhancement factors.’ Hoffay v. Hoffay, 555 So.2d 1309, 1310 (Fla. 1st DCA 1990) ... Where there is nothing in the trial court’s order that allows the appellate court to discern whether *919 any of the above factors were considered in determining a reasonable attorney’s fee, a fee award simply taking the amount charged by the attorney and determining it to be reasonable is improper and an abuse of discretion.”).
Also, “the amount of the award of attorneys’ fees must be directly related to the attorneys’ fees and costs that the opposing party has incurred as a result of the specific bad faith conduct.” Moakley v. Smallwood, 826 So.2d 221, 227 (Fla.2002); see Pietras v. Pietras, 842 So.2d 956, 962-63 (Fla. 4th DCA 2003) (concluding that as to fees imposed as a sanction for “litigious behavior,” such awards must be based on the “additional work” that results from that behavior); see also Heiny v. Heiny, 113 So.3d 897, 897 (Fla. 2d DCA 2013) (“[A]fter finding that the husband engaged in misconduct, the trial court was required to apportion the wife’s award of fees based on the additional work caused by the husband’s misconduct.”).
Here, the record makes brief mention of the former wife’s financial position but makes no reference to the former husband’s financial resources. The record reflects no consideration of the hours the former wife’s counsel spent on the matter or his hourly rate, and fails to demonstrate any “apportion[ment].” Pietras, 842 So.2d at 963. The trial judge asked the former wife’s counsel how much he was due and the trial judge simply ordered the former husband to pay that amount. For these reasons, that part of the order under review requiring the former husband to pay the former wife’s fees cannot stand.
Accordingly, the order under review is affirmed in part, reversed in part, and remanded for compliance with section 61.16, Rosen, Rowe, and Pietras.

. Section 61.16, Florida Statutes (2012), provides:
(1) The court may from time to time, after considering the financial resources of both parties, order a party to pay a reasonable amount for attorney’s fees, suit money, and the cost to the other party of maintaining or defending any proceeding under this chapter, including enforcement and modification proceedings and appeals.