# Third District Court of Appeal

**State of Florida**

Opinion filed May 20, 2015.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D14-1019
Lower Tribunal Nos. 09-2093K, 10-1425K

_____

**Patricia Edgar,**
Appellant,

vs.

**Edward Firuta,**
Appellee.

An Appeal from the Circuit Court for Monroe County, Luis M. Garcia, Judge.

Patricia Edgar, in proper person.

Edward Firuta, in proper person.

Before WELLS, EMAS and LOGUE, JJ.

WELLS, Judge.

Patricia Edgar appeals from a parenting plan and an order awarding her former husband, Edward Firuta over $87,000 in fees and costs associated therewith, on remand from this court's decision in Edgar v. Firuta, 100 So. 3d 255 (Fla. 3d DCA 2012). We reverse both orders and remand for an expedited hearing to set a parenting plan for the parties' minor daughter and to make express findings of fact not only with regard to any parenting plan ordered but also as to any fee and cost award.

For the most part, the facts pertinent to this appeal are set forth in this court's prior decision. There, we reversed a final order that (1) as a sanction determined it was in the best interests of the parties' children that all four of them reside with their father in Key West rather than with their mother in North Carolina; (2) nullified a substantial amount of unpaid and vested child support arrearages; and (3) ordered the mother to pay child support to the father without a determination of need and ability to pay:

> Section 61.13001(3)(e), Florida Statutes, expressly provides that a parent's relocation of a minor child without complying with the statute "may be taken into account" by the court in considering a petition for modification or relocation. But in this case, it seems clear that the trial court's ruling on modification and on the parenting plan were based on the Mother's contumacious removal of the children to North Carolina rather than on an evidence-based assessment of the twenty "best interests of the child" factors enumerated in section 61.13(a)-(t). Here, as in Landingham v. Landingham, 685 So. 2d 946 (Fla. 1st DCA 1996), "vindication of the trial court's authority is subordinate to the child's welfare." Id. at 950 (reversing a change of

2

custody after custodial mother moved from Florida to Colorado with the child in violation of an injunction).

Punishment of the Mother for violation of a court order may affect, but does not conclude, the inquiry regarding the trial court's assessment of the "best interests of the child" for purposes of sections 61.13 and 61.13001. The final judgment also lacks evidentiary findings regarding the other requirement for a modification, that "a substantial change of circumstances occurred since entry of the previous custody order that was not reasonably contemplated when the previous order was entered." Clark v. Clark, 35 So. 3d 989, 991 (Fla. 5th DCA 2010).

The Mother's argument on this point is well taken. The final judgment modifying the prior order on parental responsibility, visitation, and timesharing is reversed and remanded for further proceedings.

. . . .

The final judgment awarded the Father child support and terminated his existing child support obligation (including an arrearage of approximately $10,000). The arrearage was vested and not subject to termination or retroactive modification. Kranz v. Kranz, 661 So. 2d 876, 877 (Fla. 3d DCA 1995). We reverse that portion of the final judgment.

The award of attorney's fees and costs to the Father may have been warranted in part as a sanction, but the findings of fact and record are insufficient to sustain the award. There was no proof regarding the Father's need and the Mother's ability to pay. We therefore reverse the final judgment on this point as well.

III. *Conclusion*

The Mother invited swift and firm judicial action when she violated the Florida court's order in the relocation case and simply took the youngest child to North Carolina. Nevertheless, the guiding principle in the aftermath must continue to be the best interests of the children, a statutory mandate. We affirm those provisions of the final judgment

3

sanctioning the Mother for her precipitous actions, but we reverse the final judgment insofar as it: (a) summarily granted sole parental responsibility of, and exclusive timesharing with, the youngest child, to the Father (with limited and supervised time with the Mother); (b) determined that Florida, rather than North Carolina, is the appropriate and best residential setting for the minor children; (c) terminated the prior child support order and arrearage payable to the Mother; and (d) entered a new child support obligation payable to the Father and awarded attorney's fees and costs to the Father, in each case without determining his need and the Mother's ability to pay. We remand this difficult case, in which the children have been shuttled between the two states several times, to the trial court for further proceedings.

Edgar, 100 So. 3d at 260, 261-62.

On remand, the mother, unemployed, having received no support for herself or for the parties' four children for many years, and residing in North Carolina where the parties were divorced, asked the trial court to allow her to appear by telephone for the final hearing to determine where the parties' children were to reside. The motion was denied because the trial court, relying on Florida Rule of Judicial Administration 2.530[1] and a number of cases[2] predating the effective date

---

[1] Florida Rule of Judicial Administration 2.530, addressing communication provides in part:

. . .

(d) Testimony.

*(1)Generally.* A county or circuit court judge, general magistrate, special magistrate, or hearing officer may allow testimony to be taken through communication equipment if all parties consent or if permitted by another applicable rule of procedure.

[2] M.S. v. Department of Children and Families, 6 So. 3d 102, 104-05 (Fla. 4th

4

of Florida Rule of Civil Procedure 1.451, concluded that it had no discretion to allow her to so appear because the father objected. The hearing went forward without the mother or her witnesses following which the parties' daughter was ordered to reside with the father and the mother was ordered to pay over $87,000 in fees and costs to the father.

We reverse both the court ordered parenting plan and the final order awarding fees and costs to the father because the court below erred in determining that it had no discretion to allow the mother to testify telephonically in light of the father's objection. On January 1, 2014, almost two months before the mother's motion to appear telephonically was denied, Rule 1.451[3] took effect.[4, 5] That Rule

---

DCA 2009), and S.A. v. Department of Children & Family Services, 961 So. 2d 1066, 1067 (Fla. 3d DCA 2007), relied on below, clearly were both decided before the effective date of Rule 1.451.

[3] Florida Rule of Civil Procedure 1.451 provides in part:

> **(a) Testimony at Hearing or Trial.** When testifying at a hearing or trial, a witness must be physically present unless otherwise provided by law or rule of procedure.

> **(b) Communication Equipment.** The court may permit a witness to testify at a hearing or trial by contemporaneous audio or video communication equipment (1) by agreement of the parties *or (2) for good cause shown upon written request of a party upon reasonable notice to all other parties.* The request and notice must contain the substance of the proposed testimony and an estimate of the length of the proposed testimony. In considering sufficient good cause, the court shall weigh and address in its order the reasons stated for testimony by communication equipment against the potential for prejudice to the objecting party.

allows a trial court to permit a witness to testify at a hearing or trial by

(Emphasis added).

  [4] In re Amendments to Florida Rules of Civil Procedure, 131 So. 3d 643, 644 (Fla. 2013), added November 14, 2013, explains:

New rule 1.451 (Taking Testimony), which we adopt as proposed, authorizes a court to permit testimony at a civil hearing or trial by audio or video communication equipment by agreement of the parties or for good cause shown on written request of a party and reasonable notice to all other parties. The Committee proposed the new civil procedure rule in response to Florida Rule of Judicial Administration 2.530 (Communication Equipment), which permits a court to allow testimony to be taken through communication equipment if all the parties consent or if permitted by another applicable rule of procedure.

In 2011, at the urging of the Rules of Judicial Administration Committee, the Court amended rule 2.530 to allow testimony to be taken by communication equipment without the parties' consent "if permitted by another applicable rule of procedure." See In re Amend. Fla. Rules of Jud. Admin., 73 So. 3d 210, 211 (Fla. 2011). That amendment was intended to "allow the various Florida Bar rules committees to consider whether their bodies of rules should be amended to allow for the use of communication equipment without the parties' consent." Id. According to the report in this case, when drafting new rule 1.451, the Committee was mindful of the need for consistency with rule 2.530. The Committee also addressed the need to provide guidance to the court by adding a committee note to the rule that offers factors the court may consider in determining whether good cause exists to permit testimony by audio or video equipment over objection.

[5] The Committee Note to Rule 1.451 provides:

This rule allows the parties to agree, or one or more parties to request, that the court authorize presentation of witness testimony by contemporaneous video or audio communications equipment. A party seeking to present such testimony over the objection of another party

6

contemporaneous audio or video communication equipment either by agreement of the parties or ***"for good cause shown upon written request of a party upon reasonable notice to all other parties***." Fla. R. Civ. P. 1.451 (Emphasis added). The court below was not, therefore, barred from considering the mother's request to testify by telephone simply because the father objected but could have allowed the testimony for good cause shown. For this reason alone, we reverse both orders on appeal and remand on an expedited basis for a new trial to determine a parenting plan for the parties' youngest child. On remand, the court below shall consider whether good cause exists to allow the mother and her witnesses to appear by telephone.[6] Any parenting plan entered by the court below shall address not

> must still satisfy the good-cause standard. In determining whether good cause exists, the trial court may consider such factors as the type and stage of proceeding, the presence or absence of constitutionally protected rights, the importance of the testimony to the resolution of the case, the amount in controversy in the case, the relative cost or inconvenience of requiring the presence of the witness in court, the ability of counsel to use necessary exhibits or demonstrative aids, the limitations (if any) placed on the opportunity for opposing counsel and the finder of fact to observe the witness's demeanor, the potential for unfair surprise, the witness's affiliation with one or more parties, and any other factors the court reasonably deems material to weighing the justification the requesting party has offered in support of the request to allow a witness to testify by communications equipment against the potential for prejudice to the objecting party. With the advance of technology, the cost and availability of contemporaneous video testimony may be considered by the court in determining whether good cause is established for audio testimony.

[6] While we do not mandate this result, we would be remiss were we not to note the

only section 61.13001[7] of the Florida Statutes but also shall be supported by detailed findings of fact and conclusions of law as to each of the factors enumerated in section 61.13(3)(a)-(t) of the Florida Statutes.[8] Furthermore, any fee or cost award shall address the parties' need and ability to pay and detail the

---

importance of such testimony which was addressed in Rose v. Ford, 861 So. 2d 490, 493 (Fla. 4th DCA 2003) (quoting Andrews v. Andrews, 624 So. 2d 391, 392 (Fla. 2d DCA 1993), where the court observed:

> Decisions affecting child custody require a careful consideration of the best interests of the child. § 61.13, Fla. Stat. (1991). This court has previously discouraged trial courts from using default as a sanction when dealing with the sensitive issue of child custody. Chase v. Chase, 519 So. 2d 637 (Fla. 2d DCA 1987). In such cases, the testimony of a child's natural mother will almost always aid the court in fairly determining the child's best interests. See Doane v. Doane, 279 So. 2d 46 (Fla. 4th DCA 1973).

> 624 So. 2d at 392; see also McEwen [v.Rodriguez], 766 So. 2d [316] at 317 [Fla. 4th DCA 2000].

[7] Section 61.13001 of the Florida Statutes addresses parental relocation with a child.

[8] See Velazquez v. Millan, 963 So. 2d 852, 855 (Fla. 3d DCA 2007) ("[W]e reverse the custody award and remand this matter for entry of a custody award addressing all of the factors mandated by section 61.13 of the Florida Statutes."); see also Decker v. Lyle, 848 So. 2d 501, 503 (Fla. 2d DCA 2003) (confirming either "the record or the final judgment must reflect that the custody determination was made in the best interests of the child" and concluding as "neither the transcript of the trial court's oral pronouncement of its ruling nor the temporary custody order (which merely incorporated by reference the trial court's oral pronouncement) addresses the best interests of the child. . . we must reverse and remand the case for a further hearing").

amount of time, the service provided, and the hourly rate being awarded. Moya v.

Moya, 118 So. 3d 916, 918-19 (Fla. 3d DCA 2013) (quoting Rosen v. Rosen, 696

So. 2d 697, 700 (Fla. 1997), outlines the appropriate analysis in this regard:

> Section 61.16 constitutes a broad grant of discretion, the operative
> phrase being "from time to time." The provision simply says that a
> trial court may from time to time, i.e., depending on the circumstances
> surrounding each particular case, award a reasonable attorney's fee
> after considering the financial resources of both parties. *Under this
> scheme, the financial resources of the parties are the primary factor
> to be considered. However, other relevant circumstances to be
> considered include factors such as the scope and history of the
> litigation; the duration of the litigation; the merits of the respective
> positions; whether the litigation is brought or maintained primarily to
> harass (or whether a defense is raised mainly to frustrate or stall);
> and the existence and course of prior or pending litigation.*
> Accord Dybalski v. Dybalski, 108 So. 3d 736, 738 (Fla. 5th DCA
> 2013).

> Moya proceeds to clarify:

> Additionally, Tullos v. Tullos, 37 So.3d 355, 357 (Fla. 2d DCA
> 2010), citing Rowe, explains:

>> [I]n computing an attorney fee, the trial judge should (1)
>> determine the number of hours reasonably expended on
>> the litigation; (2) determine the reasonable hourly rate for
>> this type of litigation; (3) multiply the result of (1) and
>> (2) ["the lodestar amount"]; and, when appropriate, (4)
>> adjust the fee on the basis of the contingent nature of the
>> litigation or the failure to prevail on a claim or claims.

>> Fla. Patient's Comp. Fund v. Rowe, 472 So. 2d 1145,
>> 1151–52 (Fla.1985); Lanham v. Lanham, 528 So. 2d 80,
>> 80 (Fla. 2d DCA 1988). Further, in dissolution actions
>> under section 61.16, Florida Statutes (2008), the trial
>> court must exercise its discretion "to provide justice and

9

ensure equity between the parties." <u>Rosen v. Rosen</u>, 696 So. 2d 697, 700 (Fla. 1997).

> After determining the lodestar amount, the trial court must consider the parties' respective financial resources and then assess other relevant circumstances including the scope and history of the litigation, its duration, the merits of the respective positions, whether the parties bring or maintain the litigation primarily to harass or present a defense mainly to frustrate or stall, and the existence and course of prior or pending litigation. Id.

<u>Accord</u> <u>Campbell v. Campbell</u>, 46 So. 3d 1221, 1222–23 (Fla. 4th DCA 2010) ("The law is 'well established that the trial court must set forth specific findings concerning the hourly rate, the number of hours reasonably expended and the appropriateness of reduction or enhancement factors.' <u>Hoffay v. Hoffay</u>, 555 So. 2d 1309, 1310 (Fla. 1st DCA 1990) ... Where there is nothing in the trial court's order that allows the appellate court to discern whether any of the above factors were considered in determining a reasonable attorney's fee, a fee award simply taking the amount charged by the attorney and determining it to be reasonable is improper and an abuse of discretion.").

<u>Moya</u>, 118 So. 3d at 918-19.

The orders on review are, therefore, reversed and remanded for an expedited hearing in accordance with the analysis outlined above.

10