DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**SHARON P. ROSALER,**
Appellant,

v.

**BRIAN L. ROSALER,**
Appellee.

No. 4D15-1832

[August 30, 2017]

Appeal from the Circuit Court for the Seventeenth Judicial Circuit, Broward County; Timothy L. Bailey, Judge; L.T. Case No. FMCE-14-000003 41/98.

Nancy A. Hass of Nancy A. Hass, P.A., Hollywood, for appellant.

Cynthia L. Greene of Law Offices Greene Smith & Associates, P.A., Coral Gables, for appellee.

GROSS, J.

Sharon Rosaler ("Former Wife") raises four issues in this appeal of a dissolution of marriage final judgment, all of which we affirm. We write solely to address Former Wife's second issue, and hold that a trial court does not abuse its discretion in considering the parties' litigation conduct to limit an award of attorney's fees under section 61.16, Florida Statutes, even where the party that benefits from the ruling occupies the superior financial position.

In January 2014, the parties had been married eight and a half years; Former Wife petitioned for dissolution of marriage and ex parte injunctive relief. She alleged that she was compelled to leave the marital residence with the parties' three minor children for their safety, but would return if Former Husband was enjoined from residing at the residence.

Shortly thereafter, Former Wife sought an injunction for protection against domestic violence against Former Husband, alleging, among other things, that he was sexually abusing the parties' children.

The Former Wife's abuse allegations were not limited to court documents. She told their son's school principal that she believed Former Husband sexually abused the children. Former Wife also told the children's pediatrician that Former Husband sexually abused the two minor daughters. She told the pediatrician that she did not think Former Husband was sexually abusing the son, but believed the son "sniffled as much as he did" because Former Husband was giving him drugs.

Former Wife's allegations were false. She admitted at the final hearing that filing for an injunction for protection on behalf of the children was "a mistake." Her false allegations about sexual misconduct raised the heat of the litigation beyond the boiling point.

In May 2014, Former Wife moved for appointment of a guardian ad litem. She argued that such appointment was in the best interests of the children to address timesharing issues and Former Husband was in a better position to pay for those services. This motion came after the parties had already agreed to shared parental responsibility and equal timesharing in a stipulated temporary relief order.

At the final hearing in January 2015, Former Wife sought attorney's fees based on her need and Former Husband's ability to pay. She sought $528,433 in attorney's fees, $77,399 in costs, and $303,423.50 in forensic accountant fees, for a total of $909,255.50. Former Wife also requested that Former Husband be ordered to pay the remaining guardian ad litem fees. Former Husband had paid $21,445 to the guardian ad litem, while Former Wife had paid nothing.

Former Wife's attorney billed almost 1,000 hours from April 2014[1] through the final hearing in January 2015. According to Former Husband's fee expert, the hours billed by Former Wife's attorney were "astronomical" and represented an excessive amount of "handholding." Based on his experience, the case was not a particularly difficult one; he believed it would have been reasonable to spend between 200 and 250 hours on this case.

Focusing on the financial circumstances of the parties, the trial court found that Former Wife had the need for attorney's fees and Former Husband had the ability to pay. However, the court noted that it could also consider "the history of the litigation," and found that "just about the entirety of the Wife's fees were the result of her misconduct." As evidence of Former Wife's misconduct, the trial court cited Former Wife's false abuse

---

[1] Prior to April 2014, Former Wife was represented by different counsel.

allegations and her request for appointment of a guardian ad litem after the parties had already largely agreed on parental responsibility and timesharing. The court detailed other "unreasonable legal positions" taken by Former Wife which showed she had "zero desire to settle the case."

As a result of Former Wife's misconduct, the trial court only partially granted her fee request. It ordered Former Husband to pay $95,000 of her attorney's fees and $35,000 of her accountant's fees. Former Wife was ordered to pay the outstanding $8,375 owed to the guardian ad litem.

On appeal, Former Wife insists that the fees she incurred were reasonable based on the circumstances of the case. She points to the testimony of her trial attorney and fee expert that a significant amount of time was spent responding to and dealing with issues created or raised by Former Husband.

We review an award of attorney's fees for an abuse of discretion. *See Campbell v. Campbell*, 46 So. 3d 1221, 1222 (Fla. 4th DCA 2010). Because the trial judge is at ground zero of dissolution litigation, the judge's evaluation of the parties' conduct is entitled to deference on appeal.

A trial court "*may* from time to time, after considering the financial resources of both parties, order a party to pay a reasonable amount for attorney's fees, suit money, and the cost to the other party of maintaining or defending any proceeding under this chapter, including enforcement and modification proceedings and appeals." § 61.16(1), Fla. Stat. (2014) (emphasis added). "The purpose of this section is to ensure that both parties will have a similar ability to obtain competent legal counsel." *Rosen v. Rosen*, 696 So. 2d 697, 699 (Fla. 1997).

While "[t]he central inquiry under section 61.16 is whether one spouse has a need for fees and the other spouse has the ability to pay them," *Von Baillou v. Von Baillou*, 959 So. 2d 821, 823 (Fla. 4th DCA 2007), the Florida Supreme Court explained in *Rosen* that "proceedings under chapter 61 are in equity and governed by basic rules of fairness as opposed to the strict rule of law." 696 So. 2d at 700. Because the legislature "has given trial judges wide leeway to work equity in chapter 61 proceedings . . . section 61.16 should be liberally—not restrictively—construed to allow consideration of *any factor* necessary to provide justice and ensure equity between the parties." *Id.* (emphasis added). The court explained:

> Section 61.16 constitutes a broad grant of discretion, the operative phrase being "from time to time." The provision simply says that a trial court may from time to time, i.e.,

- 3 -

depending on the circumstances surrounding each particular case, award a reasonable attorney's fee after considering the financial resources of both parties. Under this scheme, the financial resources of the parties are the primary factor to be considered. However, other relevant circumstances to be considered include factors such as the scope and history of the litigation; the duration of the litigation; the merits of the respective positions; whether the litigation is brought or maintained primarily to harass (or whether a defense is raised mainly to frustrate or stall); and the existence and course of prior or pending litigation. Had the legislature intended to limit consideration to the financial resources of the parties, the legislature easily could have said so.

*Id.*

Even before *Rosen,* this court recognized that "[a] party's financial status should not insulate them from the consequences of their conduct within the judicial system." *Mettler v. Mettler,* 569 So. 2d 496, 498 (Fla. 4th DCA 1990). We explained that while "the purpose of considering the parties' finances in awarding attorney's fees is to insure that both parties are not limited in their ability to receive adequate representation due to disparate financial status, this equitable principle must be flexible enough to permit the courts to consider cases with special circumstances." *Id.*

It is thus well-established that "a court may consider *all* the circumstances surrounding the suit in awarding fees under section 61.16." *Rosen,* 696 So. 2d at 701 (emphasis added). That is precisely what the trial court here did. Former Wife's insistence that Former Husband is to blame for her excessive fees ignores her own misconduct, which set the tone for the entire litigation.

The purpose of section 61.16 is to ensure that both parties can obtain competent representation. It does not enable a party to engage in misconduct, rack up a massive amount of fees, and then force the other party to pay merely because they have the means to do so. The trial court did not abuse its discretion in awarding Former Wife only a portion of the fees she sought. There was ample evidence to support this determination of fees and costs.

*Affirmed.*

MAY and FORST, JJ., concur.

- 4 -

\*     \*     \*

*Not final until disposition of timely filed motion for rehearing.*