# Third District Court of Appeal
## State of Florida

Opinion filed March 6, 2024.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D22-1980
Lower Tribunal No. 11-31255
_____

**Einath Bach Levy,**
Appellant,

vs.

**Samuel Salomon Levy,**
Appellee.

An Appeal from a non-final order from the Circuit Court for Miami-Dade County, Ivonne Cuesta, Judge.

Nancy A. Hass, P.A., and Nancy A. Hass (Fort Lauderdale), for appellant.

Abramowitz and Associates and Evan L. Abramowitz, for appellee.

Before SCALES, LINDSEY, and MILLER, JJ.

SCALES, J.

In this ongoing post-dissolution proceeding, appellant Einath Bach Levy (Former Wife) appeals an October 20, 2022 order denying her Motion for Attorney's Fees, Suit Monies, and Costs (the "Motion") seeking an order requiring appellee Samuel Salomon Levy (Former Husband) to pay both past and future fees, suit monies and costs. We remand to the trial court for additional findings that (i) quantify the amount to be deducted from Former Wife's request for $104,295.77 in attorney's fees and costs, attributable to her alleged litigation misconduct, and (ii) ascertain whether gifts Former Wife has received regularly from her brother and boyfriend will or are likely to continue in the foreseeable future.

## I. Relevant Background

On September 10, 2021, Former Wife filed the Motion, which alleged that, given her meager financial resources, she would not be able to "maintain and defend" the parties' litigation and thereby would suffer prejudice unless the trial court ordered Former Husband to continue to underwrite her reasonable attorney's fees and costs.[1] To determine Former

---

[1] While the Motion did not state amounts sought, Former Wife's current counsel advised the trial court at the September 13, 2022 hearing that Former Wife had incurred attorney's fees in the amount of $107,120.77, of which $73,500 had been paid. Therefore, Former Wife sought $33,620.77 on the outstanding balance, along with $54,425 in projected attorney's fees, and $16,250 in suit monies and costs, for a total of $104,295.77.

Wife's need for interim fees and costs and Former Husband's ability to pay them, consistent with section 61.16 of the Florida Statutes, the trial court conducted an evidentiary hearing on September 13, 2022. The following evidence[2] was adduced at this hearing:

The parties were divorced in 2011. They have two minor children. Their disputes, particularly about the children, have persisted with substantial expenses accruing to both parties in attorney's fees, guardian ad litem fees, and litigation costs. It appears that Former Husband's petition to modify timesharing and decision-making authority over the children's lives remains pending; thus, the litigation will continue.

The evidence below showed a large disparity in the parties' income. While the trial court made extensive findings regarding Former Husband's expenses – particularly his payments of attorney's fees, guardian ad litem fees, tuition and other costs – the trial court did not resolve conflicting evidence of Former Husband's income. He is chief executive officer of a software company. His financial affidavit reflected a monthly gross income of $10,960. He testified that he used both his personal bank account and corporate bank account to pay his expenses. He also testified that in recent

---

[2] The parties stipulated that all testimony and documents that came into evidence at a June 1, 2022 hearing between the parties would again come into evidence for consideration of the Motion.

years his company has suffered setbacks that have reduced its revenues significantly. The trial court, however, received testimony from Former Wife's expert forensic accountant that put Former Husband's current finances – both in terms of current income and liquid assets – in a considerably more favorable light, indicating that he had sufficient assets to pay the interim fees and costs sought by Former Wife.

The trial court's findings of Former Wife's income and finances were more precise. Since the divorce, Former Wife has either been unemployed or self-employed with a minimal income from a clothing design business. At trial, she testified to a net monthly income of $2,532.10, although this amount included child support of $1,250 which the trial court abated in July 2022, to allow Former Husband to apply it toward the parties' son's therapeutic boarding school tuition. The trial court also found that, during the previous eleven years, Former Wife lived in a condominium unit in Bay Harbor Islands owned by her brother. Although this unit would rent for between $2,500 and $3,000 per month, Former Wife paid only the monthly maintenance fee. Further, the trial court found that Former Wife's long-term boyfriend paid numerous of her personal and business-development expenses and, significantly, had paid on Former Wife's behalf "hundreds of thousands of dollars" in attorney's fees and costs related to the post-dissolution litigation.

4

The trial court found that Former Wife had never reimbursed her brother or boyfriend for their largesse. There was no testimony presented at trial whether the brother and boyfriend would continue to support Former Wife.

Finally, the trial court found that Former Wife bore the main responsibility for what it characterized as the "bitter, incessant, and unending litigation" between the parties. It found that Former Wife "has violated shared parental responsibility, interfered with timesharing, refused to communicate with the Father, and failed to provide a structure and routine for the children." In view of this "misconduct," the trial court denied the Motion.

**II. Analysis**

We have jurisdiction to review the non-final order in this ongoing case pursuant to Florida Rule Appellate Procedure 9.130(a)(3)(C)(iii)a. We review the trial court's determinations under an abuse of discretion standard. Rosaler v. Rosaler, 226 So. 3d 911, 913 (Fla. 4th DCA 2017).

The trial court's consideration of the relative financial resources of each party is the starting point of an award of attorney's fees, suit money, and costs. See § 61.16(1), Fla. Stat. (2022). The trial court's inquiry examines the parties' respective need and ability to pay, while also accounting, when necessary, for a party's improper conduct. See Rorrer v. Orban, 215 So. 3d

148, 152 (Fla. 3d DCA 2017). The purpose of an interim fee award, such as the one Former Wife has sought here, is "to ensure that both parties will have similar ability to secure competent legal counsel." Canakaris v. Canakaris, 382 So. 2d 1197, 1205 (Fla. 1980).

While we have no quarrel with the broad conclusions within the trial court's detailed order on appeal, we are compelled to remand to the trial court for additional findings of fact. For the trial court to factor both the in-kind payments[3] represented by her brother's rent relief and the gifts of her boyfriend into Former Wife's future income, the trial court must determine that these payments are "regular and expected." Ortega v. Wood, 316 So. 3d 408, 410 (Fla. 1st DCA 2021). The trial court may impute the value of both the boyfriend's and the brother's gifts to Former Wife as income "if the gifts are continuing and ongoing, not sporadic, and where the evidence shows that the gifts will continue in the future." Rogers v. Rogers, 824 So. 2d 902, 903 (Fla. 3d DCA 2002). While the evidence showed that these gifts have been "regular and expected," the absence of any testimony that they will or

---

[3] See § 61.30(2)(a)13., Fla. Stat. (2022) ("Income shall be determined on a monthly basis for each parent as follows: . . . Gross income shall include . . . [r]eimbursed expenses or in kind payments to the extent that they reduce living expenses.")

are likely to continue into the foreseeable future necessitates a remand for the development of additional evidence and findings.

Further, the trial court's findings that Former Wife has caused the continuing post-dissolution litigation lack quantification. She has sought $104,295.77 in fees and costs, a portion of which is prospective. The trial court neither quantified the value of Former Wife's litigation misconduct nor calculated a deduction from the interim fees and costs request that is the subject of this appeal. For this reason and at this juncture, the trial court's outright denial of the Motion is not supported by competent, substantial evidence. Shaw v. Shaw, 334 So. 2d 13, 16 (Fla. 1976) (holding that a trial court's judgment in a non-jury trial must be supported by competent, substantial evidence); Tutt v. Hudson, 299 So. 3d 568, 572 (Fla. 2d DCA 2020) ("Where a trial court intends the fee award to be a sanction for a party's actions, the fee order must contain sufficient findings to support the trial court's decision."); Moya v. Moya, 118 So. 3d 916, 919 (Fla. 3d DCA 2013) (holding, in part, that the award of attorney's fees based on misconduct must directly relate the additional attorney work to the misconduct).

Reversed and remanded with instructions.[4]

---

[4] In a companion case, Levy v. Levy, No, 3D22-1399, 2024 WL 358013, at *5 (Fla. 3d DCA Jan. 31, 2024), another panel of this Court reversed and

remanded the case for additional findings to support the trial court's ruling that Former Wife should bear half the cost of the guardian ad litem fees. Presumably, if the trial court's ruling in this companion case were to stand, it will have a further impact on Former Wife's finances and become an element of the trial court's consideration in the instant case.